FRANK J. MACKEY and another *vs.* ELI B. AMES.

September 5, 1883.

**Vendor and Purchaser—Contract conditioned to be Void on Failure to make Title.**

"MINNEAPOLIS, MINNESOTA, February 3, 1882.

"Received of Frank J. Mackey and R. L. Kelly two hundred dollars, as earnest-money and in part-payment for the purchase of lot 2 and one-half of lot 3, block 71, in the town of Minneapolis, according to the plat, etc., which we have this day, as authorized agents, sold and agree to convey to said Mackey and Kelly for the sum of thirty-four hundred dollars, *on terms as follows,* viz.: one-fourth cash on delivery of warranty deed *with perfect title,* and the residue on or before three years, with interest at 8 per cent., payable semi-annually, secured by mortgage on the said premises; and *it is agreed that if the title of said premises is not good, and cannot be made good within sixty days from date hereof, this agreement shall be void, and the above two hundred dollars refunded;* but if the title to said premises is good, and not taken, the said two hundred dollars to be forfeited. But it is agreed and understood by all the parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of the contract.

"E. B. AMES, [Seal.]
"By HAMLIN & BROWN, Agents.

"I hereby consent to the foregoing contract, and agree to purchase said property upon the terms herein mentioned. F. J. MACKEY.
"R. L. KELLY."

*Held,* that by a proper interpretation of the agreement, if the title to the entire premises described, which Ames can *now, i. e.,* at the date of the agreement, convey or cause to be conveyed to plaintiffs, is not good, or, if not *now* good, if Ames is not, within 60 days, in a position to convey or cause to be conveyed to plaintiffs a good title, then the agreement is to be at an end as to all parties, and neither party bound to perform it, except that plaintiffs are entitled to the refunding of the $200.

Plaintiffs brought this action in the district court for Hennepin county, to enforce specific performance of the agreement for the sale of real estate recited in the opinion. The answer denies authority on the part of the agents to sell, and alleges that the defendant had

no title to lot two, the title to the same being in one Clare E. Ames, of whom defendant was the guardian. The action was tried by *Lochren*, J., without a jury. The evidence introduced by plaintiff showed that the title to lot two was, at the date of the contract, in Clare E. Ames, and was not acquired by defendant during the sixty days following. Defendant claimed, when plaintiffs rested, that the evidence showed an abandonment of the agreement by plaintiffs, and moved for a dismissal on this ground, which motion the court granted. Plaintiffs appeal from an order refusing a new trial.

*Koon & Keith*, for appellants.

The fact that the respondent was unable to convey all the land in controversy does not, *as against the purchasers*, make the contract such an entire contract that, if the title to a part of the land fails, the purchasers cannot enforce specific performance as to that part of the land which he did own, and have compensation for the residue. If the purchaser chooses to take as much as he can have, he has a right to that and to an abatement from the price, and the court will not hear the objection by the vendor that the purchasers cannot have the whole. Pomeroy on Spec. Perf. §§ 438, 439; 1 Story, Eq. Jur. § 779; Bispham, Equity, § 390; *Waters* v. *Travis*, 9 John. 450; *Wright* v. *Young*, 6 Wis. 127; *Barnes* v. *Wood*, L. R. 8 Eq. 424.

*Babcock & Davis*, for respondent.

BERRY, J. "MINNEAPOLIS, MINNESOTA, February 3, 1882. Received of Frank J. Mackey and R. L. Kelly two hundred dollars, as earnest-money and in part-payment for the purchase of lot 2 and one-half of lot 3, block 71, in the town of Minneapolis, according to the plat, etc., which we have this day, as authorized agents, sold and agree to convey to said Mackey and Kelly for the sum of thirty-four hundred dollars, *on terms as follows*, viz.: one-fourth cash on delivery of warranty deed *with perfect title*, and the residue on or before three years, with interest at 8 per cent., payable semi-annually, secured by a mortgage on said premises; and *it is agreed that if the title of said premises is not good, and cannot be made good within sixty days from date hereof, this agreement shall be void, and the above two hundred dollars refunded.* But if the title to said premises is good, and not taken, the said two hundred dollars to be forfeited. But it is agreed and understood by

all the parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of the contract.                E. B. AMES,      [Seal.]

"By HAMLIN & BROWN, Agents.

"I hereby consent to the foregoing contract, and agree to purchase said property upon the terms herein mentioned.

"F. J. MACKEY.
"R. L. KELLY."

Assuming, in favor of plaintiffs, that Hamlin and Brown were authorized to execute the foregoing agreement in behalf of Ames, we are of opinion that the proper construction of the last provision which we have italicized is that if the title to the entire premises described, which Ames can *now, i. e.,* at the date of the agreement, convey or cause to be conveyed to plaintiffs, is not good, or, if not *now* good, if Ames cannot make it good within 60 days from the date of the agreement—that is to say, if, within said 60 days, he is not in fact in a position to convey, or cause to be conveyed, to plaintiffs a good title —then "*this agreement*" is to be *void,* and the $200 to be refunded. The provision is absolute that *this agreement—i. e., the whole agreement*—shall be *void.* It is not a provision that the plaintiffs *may*, at their option or election, abandon or dissolve the agreement, but that it shall, upon the occurrence of the specified contingency, become *void,* and therefore no longer binding upon either party.

That the contingency has occurred appears indubitably from the testimony. Ames has never had title to lot 2, either in himself or in his control. He was guardian of the ward whose lot it was, but, as such guardian, he not only did not hold its title, but he had no right to acquire it, directly or indirectly, at the guardian's sale, by which alone the ward could be divested of it. Hence, within the intent of the agreement as we have before interpreted it, the title was not good at the date of the agreement, and it could not be made good within 60 days from such date. The agreement was therefore at an end, or, in its own language, void, and neither party any longer bound to perform it, except that plaintiffs were entitled to have the $200 refunded. Our construction of the particular provision of the agree-

ment which we have been considering is supported, we think, by the other portions italicized. It will be seen that we arrive (though by a different route) at the same conclusion reached by the trial court, viz., that the plaintiffs are not entitled to a specific performance of the agreement in whole or in part, or to damages for its non-performance.

Order affirmed.