### Horatio R. Wilson v. Michael Espert.

1. CONTRACTS—*Parties Can Not Take Advantage of Their Own Default.*—A party will not be permitted to declare his contract at an end, when to do so will be to permit him to take advantage of his own default.

2. SPECIFIC PERFORMANCE—*Void Contracts.*—Where, by its terms, a contract becomes null and void, neither party will be entitled to a specific performance.

**Bill for Specific Performance.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded with directions. Opinion filed July 10, 1900.

HECKMAN, ELSDON & SHAW, attorneys for appellant.

If a contract is ambiguous and doubtful as to its terms, a court of equity will not entertain a bill to enforce specific performance of the same. Koch v. Nat. Union Bldg. Assn., 137 Ill. 497; Wolfe v. Bradberry, 140 Ill. 578; Rock Island & P. Ry. Co. v. Dimick, 144 Ill. 628; Barrett v. Geisinger,

148 Ill. 98; Tink v. Walker, 148 Ill. 234; L. S. & M. S. Ry. Co. v. Hoffert, 40 Ill. App. 631; Barnes v. Ludington, 51 Ill. App. 90.

Where a contract is a mere option, or conditional only, or where there is a want of mutuality in it, equity will not entertain a bill to enforce the specific performance of the same. Bodine v. Glading, 21 Pa. St. 50; Jackson v. Conlin, 50 Ill. App. 538; Hayes v. O'Brien, 149 Ill. 403; Fry's Spec. Perform., 3d Ed., Sec. 440 (and note 1), 917, 962; Maynard v. Brown, 41 Mich. 298; Wells v. Smith, 2 Edw. Ch. 78; Duvall v. Meyers, 2 Md. Ch. Decis. 401.

A contract, to be specifically enforced by the court, must be mutual; that is to say, such that it might at the time it was entered into, have been enforced by either of the parties against the other of them. Whenever, therefore, whether from personal incapacity to contract, or the nature of the contract, or any other cause, the contract is incapable of being enforced against one party, that party is equally incapable of enforcing it against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former. Fry on Spec. Perform., Sec. 440. See also Am. and Eng. Enc. Law, 939 note 2, cases cited.

MR. EDWIN BURRITT SMITH, also for appellant.

A court of equity will not decree specific performance in this case because, under all the circumstances, such a decree would be inequitablè. King v. Hamilton, 4 Pet. 311; Cathcart v. Robinson, 5 Pet. 264; Stoutenburg v. Tompkins (1 Stockt. Ch.), 332; C. & A. R. Co. v. Schoeneman, 90 Ill. 258; Gould v. Elgin City Banking Co., 136 Ill. 60; Dintleman v. Gilbert, 140 Ill. 597; Morse v. Seibold, 147 Ill. 318; McDonald v. Minnick, 147 Ill. 651; Barrett v. Geisinger, 179 Ill. 240.

Where a contract is destitute of all equity, the court will leave parties to their remedy at law; and if that has been lost by negligence, they must abide by it. It is the settled rule to allow a defendant in a bill for a specific performance of a contract to show that it is unreasonable or uncon-

scientious, or founded in mistake, or other circumstances leading satisfactorily to the conclusion that granting the prayer of the bill would be inequitable and unjust. King v. Hamilton, 4 Pet. 311, 329.

PENCE, CARPENTER & HIGH, attorneys for appellee.

A vendor is well entitled to specific performance in equity as the vendee. It is unimportant that he has also a remedy at law. Andrews v. Sullivan, 2 Gilm. 327; Burger v. Potter, 32 Ill. 66; Towner v. Tickner, 112 Ill. 217; Robinson v. Appleton, 124 Ill. 276.

Whenever a contract stipulates that on the failure of one of the parties to perform it shall become null and void, it may be rescinded only by the party who is not in default and who is injured by the other's failure of performance. Fry on Specific Performance (3 Am. Ed.), 501, Sec. 1024–1025; Wood on Landlord and Tenant, Sec. 226; Roberts v. Wyatt, 2 Taunt. 268; Doe v. Burch, 1 M. & W. 402; Hyde v. Watts, 12 M. & W. 254; Greaves v. Wilson, 25 Beav. 290; Jackson v. Oakshott, 14 Ch. D. 851; Mason v. Caldwell, 5 Gilm. 204; Bolton v. Johnson, 57 Ill. App. 178.

Whenever a contract stipulates for liquidated damages in case of breach, a court of chancery may decree specific performance unless the agreement gives an option either to pay or to perform. There was no such option in this contract. Fry on Specific Performance, (3 Am. Ed.) 58–61; Waterman on Specific Performance, Secs. 21, 23 and 25, Story's Eq. Jurisp., 1318; Chillnor v. Chillnor, 2 Ves. Sr. 528; Howard v. Woodward, 10 Jurist, N. S. 1123; Long v. Bowring, 33 Beav. 585; Hull v. Sturdivant, 46 Me. 34; Dooley v. Watson, 1 Gray 414; Hooker v. Pynchon, 8 Gray 550; Ayers v. Pease, 12 Wend. 393; Broadwell v. Broadwell, 1 Gilm. 612; Lowe v. Nolte, 16 Ill. 477; Lyman v. Gedney, 114 Ill. 388.

Whenever a contract in writing is clear, unambiguous and unequivocal in its terms as to the rights of the parties, those rights are fixed and controlled by the written instrument, and all prior or contemporaneous stipulations are

conclusively presumed to be embraced in the writing and it is not competent to show by extrinsic evidence that the writing was not to be the sole memorial of the undertaking. Broadwell v. Broadwell, 1 Gilm. 599; Sibert v. McAvoy, 15 Ill. 106; Gordere v. Downing, 18 Ill. 492; Goltra v. Sanasack, 53 Ill. 456; Fowler v. Black, 136 Ill. 378; Heisen v. H.isen, 145 Ill. 658; Schultz v. Plankinton Bank, 141 Ill. 116; Union National Bank v. L. N. A. & C. Ry. Company, 145 Ill. 208; Stettauer et al. v. Hamlin, 97 Ill. 312; Bearss v. Ford, 108 Ill. 16.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The bill in this case was filed by appellee, the proposed seller, against appellant, the proposed purchaser, to compel the specific performance of a contract relating to the sale of certain real estate in the city of Chicago.

Said contract is a printed form in common use in Chicago, known as the revised real estate contract. It was first prepared by the attorney for appellee and sent to appellant for execution, but was not then signed by appellee. As thus prepared it contained the following printed provision, viz.:

" Should said purchaser fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money paid as above, shall, *at the option of the vendor*, be forfeited as liquidated damages, and this contract shall thereupon become and be null and void.   Time is of the essence of this contract, and of all the conditions hereof."

Appellant erased the words " at the option of the vendor," (printed in italics in the above quotation) and then executed the contract and returned it to the attorney for appellee, with his, appellant's, check for $100, as " earnest money. "

From the testimony taken in this case we are disposed to believe that it was intended that appellant should have an option to purchase or to forfeit the $100 paid by him.   It is, however, contended, and with much force, that the con-

tract is not ambiguous and that parol testimony is not admissible to explain it. Be that as it may, we shall dispose of this case mainly upon a consideration of the contract itself, in connection with the history of its execution.

As originally prepared and sent to appellant by appellee the draft of contract provided an option in appellee. He could, at his option, declare the "earnest money" paid by appellant, forfeited, and thereupon the contract should by its terms be and become null and void. That is, the appellee reserved the option, or the right to elect, to retain the "earnest money" as liquidated damages and thus terminate the contract, or to compel the appellant to specifically perform the same.

But the appellant declined to enter into that contract. He erased the words "at the option of the vendor" and then executed the contract, as thus changed or amended, and returned it to appellee. The contract as thus changed was accepted by appellee, and is the contract, specific performance of which is here sought.

There must have been some reason for making the change indicated. What was that reason, and what was the effect of the change? If we look at the testimony the reason is shown to be that appellant intended to retain the option in himself, and the reason for his doing so is apparent. But looking at the contract itself as executed, the same intention is apparent. No option remains in appellee. It is provided that if appellant should fail to perform, then the earnest money deposited by him should be forfeited as liquidated damages, and the contract be thereupon null and void. Taken in connection with the legitimate testimony as to the preparation of the original draft of said contract by appellee, the change therein and execution thereof by appellant and the acceptance by appellee, should the contract be construed as reserving to appellant the option to make the purchase or forfeit the earnest money deposited by him?

When appellee sent to appellant the draft of contract, it amounted to a formal proposition in writing that appellee

would sell the property in question to appellant for the price and upon the terms indicated, provided, however, that the appellee reserved to himself the option or the right to elect to retain the earnest money as liquidated damages, and thus terminate the contract. That proposition thus made appellant did not accept, but erased the words "at the option of the vendor" (appellee), and signed the draft of contract thus changed, and returned it to appellee. That was in effect saying to appellee, "I decline to make a contract giving to you such option, but propose instead that in case I fail to perform the contract, then the earnest money paid by me shall be forfeited as liquidated damages, and the contract thereupon become and be null and void." That counter proposition was accepted by appellee. The option was thus changed from appellee to appellant. When read in connection with the facts and circumstances presented by the testimony, this conclusion is irresistible.

The printed arguments in this case present an exhaustive review of authorities bearing upon the question of the specific performance of contracts relating to the sale of real estate. We do not feel called upon to review these authorities at length.

Under this contract the earnest money was deposited with Mr. Straus "for the mutual benefit of the parties concerned." It is not a question of the right of appellant to declare the contract at an end by reason of the failure on his part to meet some condition. In such a case the party in default will not be permitted to declare the contract to be at an end, because he can not take advantage of his own default. Appellant has simply availed himself of the right reserved in the contract to forfeit the earnest money as liquidated damages instead of completing the purchase. By its terms the contract thereupon became null and void and neither party is entitled to a specific performance thereof.

The decree of the Circuit Court is reversed and the cause remanded, with directions to dismiss said bill for want of equity.

Reversed and remanded with directions.