COLIN C. JOSLYN v. BARBARA SCHWEND.[2]

December 27, 1901.

Nos. 12,776—(127).

Purchase of Land.

A contract for the purchase of real estate contained the following provision: "And it is agreed that if the title to said premises is not good, and cannot be made good within sixty days from date hereof, this agreement shall be void, and the above $25 refunded; but if the title to said premises is now good in my name, or shall be made good by me within sixty days, and said purchaser refuses to accept the same, said $25 shall be forfeited to me." *Held:*

Defect in Title—Tender.

1. The title having been refused by the vendee on account of the filing of a lis pendens, and the vendor having tendered to the vendee the deed and earnest money, and it appearing that the vendor could not have cured the title within the sixty days, the contract became void at the expiration of that time.

[1] Reported in 88 N. W. 1103.          [2] Reported in 88 N. W. 410, 744.

Laws 1897, c. 223.

2. Laws 1897, c. 223, does not apply to contracts of this nature.

Action in the district court for Hennepin county to enforce specific performance of a contract for the sale of land. The case was tried before Simpson J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed, and new trial granted.

*James E. O'Brien,* for appellant.

*C. C. Joslyn,* in pro. per.

LEWIS, J.

Respondent and appellant entered into the following contract:

"Minneapolis, Minn., October 24th, 1900.

"Received of Colin C. Joslyn, $25, as earnest money, and in part payment for the purchase of the following described property: * * * which I have this day, through A. F. Shillock, my authorized agent, sold and agreed to convey by warranty deed to said Colin C. Joslyn for the sum of $1,125, on terms as follows, viz.: $25 in hand paid as above, and $1,100 on or before sixty days from date hereof, payable on or before the dates as named above, or as soon thereafter as a warranty deed conveying a good title to said land is tendered, time being considered the essence of this contract. And I agree to furnish said Joslyn a complete abstract to said premises, extended to the date hereof, immediately upon execution of this contract. And it is agreed that if the title to said premises is not good, and cannot be made good within sixty days from date hereof, this agreement shall be void, and the above $25 refunded; but if the title of said premises is now good in my name, or shall be made good by me within sixty days, and said purchaser refuses to accept the same, said $25 shall be forfeited to me. But it is agreed and understood by all parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract.

"Barbara Schwend. [Seal.]

"I hereby agree to purchase the said property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed.

"C. C. Joslyn. [Seal.]"

On the day following its execution, one Wilcox filed and recorded a lis pendens, which gave notice of an action by him against the vendor to enforce specific performance of a contract executed October 24, 1900, for the purchase of the same premises. The

vendor received actual notice of the lis pendens on November 19. 1900, and on December 22 following she tendered plaintiff the deed, and demanded the balance of the purchase price, which was refused upon the ground that the filing of the lis pendens rendered the title unmarketable, and not good, whereupon the vendor offered back the $25 earnest money, which the vendee also refused, but stated that he was ready and willing to receive the deed and pay the money whenever the lis pendens should be removed. On April 24, 1901, the Wilcox case was dismissed, and the lis pendens discharged. As soon as the vendee had notice of that fact, he demanded the deed, and offered to pay the balance of the purchase price, which was refused by the vendor.

The trial court found the facts practically as above stated, with the additional fact that the next general term of court at which the Wilcox action could be tried after the expiration of the sixty days provided in the contract began on the first Monday in January, 1900. Judgment was ordered for the vendee, and the vendor appealed from an order denying a motion for a new trial.

This action is predicated upon the theory that the vendor could have procured the discharge of the lis pendens within the contract limitation of sixty days, and that her failure to do so was wilful. This issue was tendered in the complaint, but met by the vendor's answer, and, unless there are findings of fact supporting that issue, the conclusions of law are not supported by the facts. The court did not hold that the lis pendens might have been removed within the sixty days, or that appellant could have secured its discharge. It did find that the next general term of court at which the case could be tried came on after the expiration of the sixty days.

There is no finding of bad faith on the part of the vendor in the filing of the lis pendens and in not securing its discharge. That question being out of the way, the case falls within the decision of Mackey v. Ames, 31 Minn. 103, 16 N. W. 541, and the contract became void when the sixty days had transpired. When respondent discovered that the lis pendens had been filed, he considered it of sufficient importance to notify appellant that by reason thereof the title was undesirable, upon receipt of which information she

was required to use reasonable diligence to remove the defect within the time specified in the contract. The court does not find a lack of such reasonable diligence on her part. She failed to make the title good within the required time, but she tendered the deed, and, upon its refusal, the earnest money, thereby relieving herself from further obligation. Respondent refused the title because it was unmarketable, in which respect he was correct, and could not have been compelled to accept it. The vendor was not, under the provisions of Laws 1897, c. 223, required to give notice before terminating this contract. That chapter has reference only to contracts of actual purchase, and not to agreements, which, in their nature, are mere options depending upon some contingency. The contract of purchase in this case depended upon the condition of the title. On the facts as found, appellant was entitled to judgment.

The order appealed from is reversed, and the trial court directed to enter an order for judgment for appellant.

On January 11, 1902, the following order was filed:

PER CURIAM.

Application for reargument having been made, it is ordered that the application be denied, and that the order for judgment heretofore entered be modified to read as follows:

On the facts as found, the respondent was not entitled to judgment. The order appealed from is reversed, and a new trial granted.