## C. D. SCHWAB v. SAM BAREMORE.[1]

June 23, 1905.

Nos. 14,381—(124).

**Contract.**

It is entirely competent for the parties to a contract to provide for the annulment or discharge thereof, either by subsequent valid agreement or by incorporating therein provisions and conditions to that end; and they may thus limit and determine the rights and liability of each in the event of a failure of performance.

**Defect in Title.**

An executory contract for the sale of land contained the following provision:

"It is agreed that if the title to said premises is not good, and cannot be made good, this agreement shall be void and the above $50 refunded."

*Held,* following Mackey v. Ames, 31 Minn. 103, that the remedy fixed by the contract was exclusive of all others, and that, as it appeared from the evidence that defendant was unable to convey a good title to plaintiff, the contract became null and void, as by its terms provided.

**Refusal of Wife to Sign Deed.**

Defendant entered into an executory contract with plaintiff for the sale of his farm, part of which constituted his homestead, on which he resided with his wife and family. His wife did not join in the contract, and refused to sign or execute a deed in fulfilment of the same. *Held* such a defect in the title agreed to be conveyed as to render the contract at an end and of no further force.

**Partial Performance.**

Plaintiff is not, in view of the particular provisions of the contract, entitled to performance to the extent of defendant's ability, viz., a conveyance of all the land except the homestead, and subject to the wife's one-third interest in the remainder; nor to damages for the failure and inability of defendant to perform.

Action in the district court for Sherburne county to enforce specific performance of a contract to convey land. The case was tried before Giddings, J., who made findings of fact, and as conclusions of law found that plaintiff was entitled to recover from defendant the $50 earnest money paid at the time the contract was executed, but to no

1 Reported in 104 N. W. 10.

further relief. From an order granting a motion for a new trial, defendant appealed. Reversed and judgment ordered for plaintiff upon the findings.

*A. W. Selover* and *Calhoun & Bennett,* for appellant.

*Stewart & Brower,* for respondent.

BROWN, J.

Action to compel the specific performance of a contract for the sale of land. The action was tried in the court below without a jury, findings were made, and judgment ordered for defendant. Thereafter the court, on plaintiff's motion, ordered a new trial, from which defendant appealed.

The facts are as follows: On March 27, 1901, defendant was the owner of the land in dispute, and on that day entered into a contract by which he sold and agreed to convey the same to plaintiff. The material portions of the contract are as follows:

> I have this day sold and agree to convey to the said C. D. Schwab for the sum of Ten thousand and nine Hundred and Fifty ($10,950) Dollars on terms as follows, viz., Fifty ($50) in hand paid as above. Ten thousand nine hundred ($10,900) Dollars on or before October first, 1901, delivering therefor a warranty deed conveying a perfect title to said land. And it is agreed that if the title to said premises is not good and cannot be made good this agreement shall be void and the above fifty dollars refunded. But if the title to said premises is good and the said purchaser refuses to accept the same, said fifty dollars shall be forfeited to the said Sam Baremore.

Plaintiff indorsed on the back of the contract his acceptance of the same in the following language:

> I hereby agree to purchase the said property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed.

At the time the contract was entered into, defendant was a married man, living with his wife and family on the land so agreed to be sold, a part of which constituted his homestead; all of which was known to

plaintiff at the time the contract was entered into. Defendant's wife did not sign or assent to the contract, and she refused to join in the transaction, or sign a deed conveying the property pursuant thereto. This fact is alleged in the complaint, admitted in the answer, and found by the trial court.

At the trial plaintiff was permitted to amend his complaint by inserting allegations for the purpose of enabling him to recover substantial damages for the failure of defendant to perform the contract. The action was originally brought against both defendant and his wife. The wife demurred to the complaint, which was sustained, and the trial proceeded as to defendant alone. The trial court found the facts substantially as stated, but in greater detail, and ordered judgment denying specific performance of the contract, and awarding plaintiff the sum of $50, the amount paid by him on the purchase price at the time the contract was entered into. The theory of the court was that the contract, by its express terms, fixed the relief to which each party was entitled in the event defendant could not convey a good title, and that such relief was exclusive of all other remedies. Subsequently the court, on plaintiff's motion, granted a new trial—upon what ground the record does not disclose—and defendant appealed.

The principal question presented for our consideration is whether, under the findings, plaintiff is entitled to any relief other than that which the trial court granted him. The facts are undisputed, and are correctly disclosed by the findings. We have to consider only whether the conclusions of law of the trial court are sustained by the facts. It appears that there were some negotiations between the parties relative to the contract and its performance subsequent to the time it was entered into, but in the view we take of the case they become unimportant. Such negotiations cannot serve the purpose of a practical construction of the contract, for it is clear and unambiguous. The rule of practical construction applies only in cases where the contract is indefinite, uncertain, or susceptible of different intrepretations. St. Paul & D. R. Co. v. Blackmar, 44 Minn. 514, 47 N. W. 172; 9 Cyc. 590. We come, then, directly to the main question in the case.

It is entirely competent for the parties to a contract to provide for the discharge or annulment thereof, either by subsequent agreement or by incorporating provisions or conditions to that end in the original

agreement, and they may fix and limit the rights and liability of each in the event of a failure of performance, and the courts will enforce contracts in this particular precisely as in other respects, and in accordance with the rights of the parties as they are thus fixed and limited. The contract under consideration provides:

> And it is agreed that if the title to said premises is not good and cannot be made good this agreement shall be void and the above fifty dollars refunded.

This provision entitled plaintiff to a conveyance with the usual covenants of title and quiet enjoyment, or, as it is sometimes styled, a "marketable" title. Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99. It appears conclusively in this case that by the refusal of defendant's wife to join in the conveyance he was unable to perform his part of the contract by conveying a good title to the land, a part thereof constituting the homestead, in which the wife had a life estate and a one-third interest in the remainder. A deed by the husband alone would necessarily have been subject to the wife's interest, and not such a conveyance as the contract contemplated. This provision of the contract must be construed to bind both parties. Gale v. Dean, 20 Ill. 320. "The rule is general that in an action at law to recover damages for the breach of an alleged contract, in all cases the contract must bind both parties. Neither party should be in a position where he can hold the other party to the contract and compel its performance if advantageous to him, and at the same time be at liberty to avoid the contract on his part if disadvantageous. In other words, both parties should be bound, or neither should be." 2 Warvelle, Vend. (2d Ed.) § 941.

Within this rule, defendant has a legal right with plaintiff to invoke this particular feature of the contract, in the absence of a showing of fraud on his part to avoid performing the same. The contract contemplated a conveyance of defendant's entire farm, and not separate tracts or distinct interests; and defendant is clearly in position to insist that his inability to perform as contemplated brings in operation the clause terminating it. That he was a married man, residing upon the farm with his family, and that part thereof constituted his homestead, were facts well known to plaintiff at the time the contract was

entered into, and it should not be enforced in any respect other than what the parties intended when it was entered into.

A provision of a contract similar to the one under consideration was involved in the case of Mackey v. Ames, 31 Minn. 103, 16 N. W. 541. The contract there before the court provided that, if title to the premises agreed to be sold and conveyed was not good, and could not be made good, the agreement should be void, and the payment made thereunder returned to the vendee; and, further, that if the title to the premises was good, and the purchaser refused to accept the same, then the payment made by him should be forfeited to the vendor. It was said in that case: "We are of the opinion that the proper construction of the last provision which we have italicized is that if the title to the entire premises described which Ames can now, i. e., at the date of the agreement, convey or cause to be conveyed to plaintiffs, is not good, or, if not now good, if Ames cannot make it good within sixty days from the date of the agreement—that is to say, if within said sixty days he is not in fact in position to convey or cause to be conveyed to plaintiffs a good title—then 'this agreement' is to be void, and the $200 to be refunded. The provision is absolute that this agreement—i. e., the whole agreement—shall be void. It is not a provision that the plaintiffs may, at their option or election, abandon or dissolve the agreement, but that it shall, upon the occurrence of the specified contingency, become void, and thereafter no longer binding upon either party." The principle applied in that case was followed in Dana v. St. Paul Inv. Co., 42 Minn. 194, 44 N. W. 55; Heisley v. Swanstrom, 40 Minn. 196, 41 N. W. 1029; Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410, 744.

But it is contended by plaintiff that those cases are distinguishable from that at bar. Counsel insist that the defect in the title, in order to bring into effect the provision terminating the contract, must exist at the time the contract was entered into; that the provision does not apply to defects subsequently arising. In the first three cases above cited the defect in the title of the vendor did in fact exist at the time the contract was entered into, but in the Joslyn case it arose subsequently. If that case was correctly decided—and we have no misgivings on the subject—plaintiff's contention cannot be sustained. The contract is entitled to a reasonable construction, and one that will effectuate the intention of the parties. Plaintiff could invoke this pro-

vision of the contract if a defect existed at the time it was entered into, or if it arose subsequently, and he would be justified in refusing performance in either case, and the law will accord the same privilege or right to defendant. The rule of mutuality in contracts applies and extends the same right to the vendor. The principle was applied in Wilson v. Espert, 90 Ill. App. 111.

Following the decisions cited, it must be held that the rights fixed by the terms of the contract are exclusive. Plaintiff was entitled to have refunded to him the fifty dollars paid at the time the contract was entered into, but was entitled to no other or further relief, by way of damages or otherwise. Nor is he entitled to performance of the contract in so far as defendant is able to perform the same, viz., by conveying the property subject to the homestead right of the wife and her one-third interest in the remainder of the land. Such relief could be awarded only by ignoring the express provisions of the contract. The cases cited in support of the view that plaintiff may demand such partial performance are not in point. We do not question the proposition that where a husband contracts to convey land owned by him, a part of which constitutes his homestead, and his wife refuses to join in the conveyance, he may be compelled to perform to the extent of his power by conveying his interest in the land. Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. But that rule can have no application to a case like that at bar, where the contract expressly provides the remedy and rights of the parties in case of the inability of the vendor to perform. No such remedy was provided by the contract construed in the case just cited.

We do not wish to be understood as holding that the contract is so far exclusive of all other remedies that damages might not be recovered in a proper action based upon fraud and collusion between the husband and wife, by which the husband fraudulently induced the wife to refuse to join in the sale for the purpose of rendering the title defective and bringing into force and effect the clause terminating the contract. But such is not this action.

It follows that all the relief to which plaintiff was entitled was awarded by the court below, and it was error to grant a new trial. In no view of the case could plaintiff recover more than the $50 paid by him at the time the contract was entered into.

It is therefore ordered that the order appealed from be reversed, and the cause remanded to the court below, with directions to enter judgment as directed by its findings.