## C. H. PHINNEY LAND COMPANY v. COOLIDGE-SCHUSSLER COMPANY.[1]

January 26, 1906.

Nos. 14,585—(184).

**Contract—Removal of Growing Timber.**

A contract (set out in the opinion herein) for the purchase of land construed, and *held*, that it did not vest in the vendee any present interest in the land, with the right on his part to enter into possession thereof, and cut, carry away, and sell the growing timber thereon.

Action in the district court for St. Louis county to recover $350 for the conversion of timber cut from plaintiff's land. Defendant's claim of ownership was based upon a purchase from the vendee in the contract set forth in the opinion. The case was tried before Ensign, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*H. G. Gearhart,* for appellant.

The contract between plaintiff company and Jussila was an executory contract for the future conveyance of the land. The contract is to be read with reference to the practical construction given it by the parties. Murray v. Nickerson, 90 Minn. 197, 203. The vendee, Jussila, was, under the contract, entitled to possession and was in actual possession of the land. Pomeroy, Eq. Jur. § 368; Smith v. Lytle, 27 Minn. 184, 190; Reynolds v. Fleming, 43 Minn. 513. The contract did not by its terms or by implication retain to the vendor the right of possession, and "upon a sale of real property, the purchaser, if the contract is silent on the subject, is entitled to possession and the vendor to interest on the purchase money." Drake v. Barton, 18 Minn. 414 (462). The right to possession is fairly to be implied from the burdens assumed by the vendee. Olson v. Minnesota & N. W. R. Co., 89 Minn. 280; 13 Am. & Eng. Enc. (2d Ed.) 672.

Jussila, being a vendee in possession under an executory contract

[1]Reported in 105 N. W. 553.

for the sale of the land, had a right to cut the timber and sell it to defendant, and give defendant a good title thereto. Olson v. Minnesota & N. W. R. Co., supra; Hueston v. Mississippi & R. R. Boom Co., 76 Minn. 251, 254; Martin v. Scofield, 41 Wis. 167; Adamson v. Wiggins, 45 Minn. 448. Where the parties by their contract agree that certain burdens, in addition to that of paying the purchase price, are imposed upon the vendee, the law implies a right not granted in terms by the contract, but given the vendee to offset the additional burdens imposed upon him. This rule is the natural and logical outgrowth of and is correlative to the rule that where a vendee goes into possession under an executory contract for the sale of lands, the contract being silent upon the subject, the vendor is entitled to interest upon the purchase price, it being considered that the receipt of the rents and profits is an equivalent for the amount paid as interest. Such last-mentioned rule has been followed consistently in a long line of English decisions as well as in the decisions of our own courts. Fludyer v. Cocker, 12 Ves. Jr. 25; Ballard v. Schutt, L. R. 15 Ch. Div. 122; Simonds v. Essex, 57 N. J. Eq. 349; Lang v. Moole, 31 N. J. Eq. 413; Oliver v. Hallam, 1 Gratt. 298; Brown v. Norcross, 59 N. J. Eq. 427; Fasholt v. Reed, 16 S. & R. 265. And see Siemers v. Hunt, 28 Tex. Civ. App. 44.

*J. W. Reynolds,* for respondent.

The contract is not one of sale but a mere option, or earnest money memorandum. Joslyn v. Schwend, 85 Minn. 130; Womack v. Coleman, 92 Minn. 328; Ramsey v. West, 31 Mo. App. 676; Levy v. Kottman, 11 Misc. (N. Y.) 372.

Ownership of the legal title to land necessarily imports right of possession. Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382; Olson v. Minnesota & N. W. R. Co., 89 Minn. 280; Buell v. Irwin, 24 Mich. 145; Corning v. Loomis, 111 Mich. 23.

When a contract for the conveyance of land contains no stipulation as to the time when the obligee is to have possession, he is not entitled to possession prior to receiving his deed. Wright v. Blachley, 3 Ind. 105; Kratemayer v. Brink, 17 Ind. 509; Griffin v. Rochester, 96 Ind. 545; Druse v. Wheeler, 22 Mich. 439; Buell v. Irwin, supra; Doe

v. Roe, 39 Ga. 91; Williams v. Forbes, 47 Ill. 148; Holmes v. Schofield, 4 Blackf. 171; Pendergast v. B. & M. R. Co., 53 Iowa, 326; Ives v. Ives, 13 Johns. 235; Spencer v. Tobey, 22 Barb. 260; Du Bois v. Baum, 46 Pa. St. 537. Not being entitled to possession the vendee was a trespasser and could give no title or right to another.

START, C. J.

This is an appeal from the judgment of the district court of the county of St. Louis in an action for the alleged conversion by the defendant of certain ties, poles, and posts belonging to the plaintiff. The complaint alleged the plaintiff's ownership and possession of the property, its value, and a conversion thereof by the defendant. The answer was a general denial. The cause was tried by the court without a jury, and findings of fact made to the effect that the plaintiff was the owner and entitled to the possession of the property, and that while it was in the rightful possession thereof the defendant wrongfully took, carried away, and converted to its own use the property, which was then of the value of $270. Judgment was ordered and entered accordingly.

The question here to be determined is whether the finding of the trial court that the plaintiff was the owner of the property is sustained by the evidence. There was evidence on the part of the plaintiff tending to show that it was in possession of the property and that the defendant carried it away and refused to deliver it to the plaintiff on demand. There was, however, evidence in this connection that the plaintiff, on July 16, 1903, was the owner of the land on which the ties, poles, and posts were cut, and that it then entered into a contract with a third party with reference to a purchase by him of the land. The contract was in these words:

> Received of Otto Jussila twenty-five dollars on account of purchase made by him this day through the undersigned broker and agent of the following described real estate situated in Itasca county and state of Minnesota, to wit: Southeast ¼ of east half of southeast ¼ of 12, town 54, range 22—for the sum of $440, upon the following terms: $25 cash; $125 on or before August 16, 1903; $145 March 1, 1904; and $145 March

1, 1905—at 6 per cent. interest annually. Deed to be given when all notes and interest is paid and taxes are paid. A reasonable time, not exceeding 10 days after delivery of abstract, is to be allowed for examination of title, and the form of conveyance is to be deed. In case the title should be ascertained to be unmarketable and cannot be made marketable to such an extent as to warrant the purchaser in refusing the same, and he shall so refuse the same on that ground, or the owner refuses to accept sale, the vendor shall not be liable for any damage, and the said sum of $440 paid by the purchaser shall be returned to him. If the title is found to be marketable, and this trade (the deed being tendered) is not closed within the time and as herein named, said earnest money is forfeited as the consideration paid for this agreement, and the owner of said premises and the undersigned agents shall be considered to have fully performed on their part, and may declare this contract terminated. Time is made the essence of this agreement. Said purchaser, Otto Jussila, hereby accepts the conditions of the foregoing contract, and I hereby authorize and appoint him as my agent in closing this deal. This deal to be closed at Herman, Minn.

In testimony whereof, said parties have hereunto respectively set their hands and seals this day and year first above written.

Otto Jussila.                    [Seal.]

C. H. Phinney Land Co.        ·        [Seal.]

By Chas. Cater, Prest.

The evidence further tended to show that the vendee in the contract entered upon the land and cut and removed therefrom the ties, posts, and poles in question; that after they had been banked the plaintiff took possession of them and placed its mark thereon; that thereafter the vendee took and shipped them to the defendant, who had purchased them from the vendee; and that the defendant refused to deliver them to the plaintiff on demand. The note for $125 mentioned in the contract was paid by the vendee. The only finding of fact which the defendant challenges as not supported by the evidence is the one that the plaintiff is the owner of the property.

The contention of the defendant is to the effect that the vendee, by virtue of his contract, had the legal right to enter into the immediate possession of the land, and cut, carry away, and sell the timber growing thereon. If such be the correct construction of the contract, then the finding is not supported by the evidence; otherwise, it is conclusively supported by the evidence.

The only question, then, to be decided, is the construction of this contract. It appears from the evidence that the possession of the land at the time the contract was executed was of no value for any purpose whatever, except for the purpose of removing the timber therefrom. In view of this fact, the claim of the defendant that the vendee by virtue of the contract had the legal right, upon paying the stipulated earnest money of $25, to the possession of the land and to cut and carry away the growing timber thereon, would be unreasonable, and the contract cannot be so construed unless the express terms thereof require such a construction. Except for the stipulation written into the contract (the other stipulations are printed) to the effect that a deed of the land should be given when the notes, representing the unpaid purchase price, interest, and taxes, were paid, it would be clear that the contract was an option for the purchase of the land, creating no present interest therein and conferring no present right to the possession thereof. Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410, 744; Womack v. Coleman, 92 Minn. 328, 100 N. W. 9.

It is, however, claimed by the defendant that the stipulation referred to distinguishes this case from those cited, and that the contract must be construed as an executory one for the future conveyance of the land, and vested in the vendee the right to the immediate possession thereof. In construing the contract effect must be given to all of its provisions, whether written or printed, unless they are inconsistent; but, if there is such an inconsistency between the written and printed parts of the contract that both cannot be given effect, the written part must control. A careful reading of all of the provisions of this contract shows that all of them may be harmonized. It provides in effect that an abstract of title is to be delivered to the vendee, and in case the title proves unmarketable the vendee may refuse to accept it, and if he does so refuse then *"the said sum of $440 paid by the purchaser shall*

*be returned to him,"* and the vendor shall not be liable for any damages. The words we have copied from the contract and italicized necessarily refer to the written part of the contract, which by implication provides for the payment of the purchase price, giving promissory notes therefor, and the payment of interest thereon.   They clearly show that such payment by the giving of the notes was a conditional one, depending upon the consummation of the proposed purchase; for "the said sum of $440 paid by the purchaser" was only to be paid by $25 earnest money and the giving of the notes.   The sum of $440 paid by the purchaser, which was to be returned to him if the "deal" was not closed, included the notes, and they were to be returned as a part of it.

The terms of the contract are not happily expressed; but, construing the contract as a whole, it is reasonably clear that it does not vest a present interest in the land in the vendee, with the right on his part to enter into possession thereof and cut and carry away the growing timber thereon.   We so construe the contract.   It follows that the vendee had no title to the ties, posts, and poles in question, and could not and did not confer any title thereto upon the defendant by his attempted sale thereof, and, further, that the findings of fact of the trial court are sustained by the evidence.

Judgment affirmed.