FORT WORTH DRIVING CLUB v. FORT WORTH FAIR ASSOCIATION ET AL.

No. 2051. Decided November 17, 1909.

**1.—Landlord and Tenant—Condition Forfeiting Lease—Sublessee—Injunction.**

While there is no privity between a lessor and sublessee which would make the covenants in the lease binding on the latter personally, stipulations forbidding the use of the premises for a specified purpose run with the land and are in the nature of conditions; the forbidden use by a sublessee is as much a violation of a condition and ground for forfeiture and reentry as if it were the act of the original lessee, and he may maintain injunction against his sublessee to restrain such acts which would forfeit his lease. (P. 26).

**2.—Same—Case Stated.**

A driving club, which had leased land from the owner for a term of years upon conditions forbidding the sale of intoxicating liquors on the premises, made a sublease of same to a fair association. This contract contained no provision

concerning the sale of liquor, but the terms of the original lease were known to the sublessee. Held, that the original lessee could maintain injunction against the violation by his sublessee of a condition against the sale of intoxicating liquor upon the premises.   (P. 26).

·3.—Same—Waiver.

Failure of the original lessee to object to a forbidden use of the premises by his sublessee could not waive the right of his lessor to insist upon the observations of the conditions, nor could such effect be given to the acts of the lessor expressly waiving such condition for a limited time only.   (Pp. 26, 27).

Error to the Court of Civil Appeals for the Second District in an appeal from Tarrant County.

The Driving Club obtained injunction against the Fair Association and others, forbidding the sale of liquor on the leased premises.   On appeal by defendant the Court of Civil Appeals dissolved the injunction and dismissed the case, and plaintiff obtained writ of error.

*Q T. Moreland* for plaintiff in error.—Restrictive covenants in deeds, leases, etc., limiting use of land will be specifically enforced, not only between the immediate parties, but against subsequent purchasers with notice, even though the covenants are such as do not run with the land.   Pomeroy's Equity, vol. 2, 689; vol. 3, 1295; vol. 4, 1324.

*Mike E. Smith* and *Marshall Spoonts* for defendants in error.—The Fair Association is a subtenant, not an assignee of the lease, and therefore not bound by covenants in original lease.   Wooldridge v. Ft. Worth & D. C. Ry. Co., 38 Texas Civ. App., 551, and authorities cited.   Subtenant not liable for breach of lessee's covenants.   Woods Landlord & Tenant, sec. 91.   On question of estoppel, see Jones on Landlord & Tenant, sec. 384.   On waiver and estoppel, see Ocean City v. Chalfant, 55 Atl., 802; Hukill v. Meyers, 36 W. Va., 639.   On equitable status of parties, see 5 Pomeroy's Equity, sec. 280.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This writ of error is taken from the judgment of the Court of Civil Appeals, dissolving an interlocutory injunction granted by the district judge at the suit of the Driving Club against the Fair Association, restraining the sale of intoxicating liquors on grounds held under lease.

The land formerly belonged to David Evans who let it to the Driving Club for a term of fifteen years, the contract providing that the sale of intoxicating liquors on the premises should not be permitted during the term, and giving the lessor the right of re-entry for failure of lessee to perform any of the covenants and agreements. The Driving Club improved the premises with barns, stalls, well, race track, etc., at a cost of some $6,000, and its rights under the lease were very valuable.

The Driving Club let to the Fair Association, with Evans' consent, the right to use the premises two weeks each year for five years for the purposes of the Association, the contract between them containing no provision concerning the sale of liquor, but the pro-

vision of the original lease being known to the sublessee. Evans thereafter conveyed the land and assigned his rights under the original lease to Johnson.

At the time the injunction was sued out the Fair Association was permitting the sale of intoxicating liquors on the premises and Johnson refused to give his assent thereto and notified the Driving Club that he would forfeit the lease if the selling continued. Thereupon the Driving Club sued out the injunction.

The Court of Civil Appeals dissolved the injunction for the reason that the sublessee was not a party to nor bound by the covenant made between the lessor and lessee. It is true that there is no privity between a lessor and a sublessee, such as makes the covenants in the lease binding on the latter personally; but it is equally true that stipulations like that in question, forbidding the use of the premises for a specified purpose, run with the land and are in the nature of conditions, and the forbidden use of them by a sublessee is as much a violation of such a provision and furnishes as good ground for forfeiture and re-entry as if it were the act of the original lessee. (24 Cyc., 1064; 22 Cyc., 861.)

The texts referred to are well sustained by the authorities cited, which establish, not only the substantive rule stated, but also that the injunction is the proper remedy where others are inadequate.

In Wheeler v. Earle (5 Cush., 31; s. c., 51 Am. Dec., 42), the substantive doctrine is thus stated:

"This restriction upon the manner of using the premises runs with the land, and is binding upon the estate in the hands of subtenants. They take only the title of the lessee, and with the like limitations and restrictions. Such use by a subtenant holding under the original lessee, for an unlawful purpose, would equally forfeit the estate. This principle seems very clear, and hence, in the treatises upon the relation of landlord and tenant, it is said that when an estate is held subject to forfeiture, for breaches of numerous covenants or stipulations, some of which may be likely to be violated, it is expedient always to take from a sublessee good security against all such violations of the various stipulations in the original lease, as may subject the original lessee to lose his whole estate."

Since the alleged action of the sublessee, if not restrained, would have the effect of forfeiting the lease and destroying the valuable rights of the lessee, it seems plain that the case is one which calls especially for the exercise of the preventive power of a court of equity. The contract between the two does not forbid, but neither does it authorize, the sale of liquor in violation of the original lease, subject to which both hold. The latter contains the provision the violation of which by the sublessee will work to the original lessee the injury to prevent which the aid of equity is sought. We think that is enough.

We are of opinion, also, that the facts relied on to show that Evans, or the Driving Club, or both, had waived the provision against the sale of liquor, are not sufficient to justify such a conclusion. Beyond several permits granted by Evans, consenting for the Fair Association to conduct such a business for two weeks at a time, re-

stricted to that time, and providing that the provision in the lease should continue in force thereafter, nothing of a definite character is shown. Certainly nothing appears which would justify this court in holding that the trial court was bound to find that the provision was waived and to deny the relief on that ground. It is shown that the Driving Club did not object to the forbidden use of the premises so long as the lessor did not object, but it could not waive the right of its lessor, and its claim to the aid of equity arises from the threat of the lessor rightfully to cancel the lease because of the wrongful act of the sublessee.

The judgment of the Court of Civil Appeals will be reversed and the injunction granted by the district judge will be reinstated.

*Reversed, and injunction reinstated.*