## MATHIAS NOSTDAL v. W. J. MOREHART AND ANOTHER.[1]

April 20, 1916.

Nos. 19,620—(42).

**Contract of sale — stipulated measure of damages for breach.**

1. Ordinarily the measure of damages for the breach by the vendor of a contract to convey land, if the market value exceeds the contract price, is the difference between them. The parties may, however, fix by their contract a different measure of liability. They may stipulate that in case title cannot be made good the contract shall be inoperative and only the consideration paid recovered. Such a provision means that, if the title which the vendor can convey to the purchaser cannot be made good, the agrement is to be at an end as to both parties. This remedy when so fixed is exclusive and either party has a right to invoke it.

**Same — construction of contract.**

2. A provision to this effect in a contract involved in this case is not controlled or modified by a subsequent provision that, in the event purchaser repudiates the contract, the consideration paid shall be forfeited if the title be good in a person named, other than the vendor.

Action in the district court for Blue Earth county to recover $3,348.75 for breach of contract. The case was tried before Comstock, J., and a jury which returned a verdict for $1,069.30. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*C. J. Laurisch,* for appellant.

*H. L. & J. W. Schmitt,* for respondents.

HALLAM, J.

In 1913, one Halle Olson owned a small farm in Blue Earth county. His title was good. On October 14, defendants procured from him a

[1]Reported in 157 N. W. 584.

Note.—As to measure of damages for breach of contract to convey real estate, see note in 16 L.R.A.(N.S.) 768.

written contract to sell the farm to them. On November 11 they in turn agreed in writing to sell it to plaintiff, plaintiff paying $1,000 down, $2,500 to be paid March 1, 1914, the balance on or before five years, at 6 per cent interest. The Olson contract was void because the land was his homestead and his wife did not join. She refused to carry out the contract. The result was that defendants could not make title or carry out their contract to convey to plaintiff. Plaintiff thereupon sued for breach of contract claiming that the land was worth more than the price he agreed to pay, and asking judgment for the amount paid and interest, and for the difference between the contract price and the market price as damages. The jury found a verdict for plaintiff, but only for the amount paid on the purchase price, with interest. Plaintiff appeals and assigns as error certain rulings of the trial court in receiving evidence and in the charge to the jury. We shall not discuss these rulings, since in our view of the case the plaintiff's recovery was limited by his contract to the amount the jury gave him, that is to the part of the purchase price paid, with interest.

1. Ordinarily the measure of damages for breach by the vendor of a contract to convey land, if the market value exceeds the contract price, is the difference between them. Fleckten v. Spicer, 63 Minn. 454, 65 N. W. 926; Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; Vallentyne v. Immigration Land Co. 95 Minn. 195, 103 N. W. 1028, 5 Ann. Cas. 212; and see Nelson v. Gjestrum, 118 Minn. 284, 286, 136 N. W. 858. It is competent, however, for the parties to fix by their contract a different measure of liability. They may stipulate in their contract that in case title is not good and cannot be made good the agreement shall be inoperative and the consideration paid refunded. Mackey v. Ames, 31 Minn. 103, 16 N. W. 541; Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10.

The contract in this case provides that "if the title to said premises is not good and cannot be made good within or by March 1st, 1914, this agreement shall be void and the above one thousand ($1,000) dollars refunded." This provision, standing alone, is clear and unequivocal. It is a provision in common use in land contracts and has often been construed by this court. It means that if the title which the vendor can convey to the purchaser is not good, and cannot in the exercise of good

faith on the part of the vendor be made good, then the agreement is to be at an end as to both parties, and the purchase money paid is to be refunded. This remedy so fixed by the contract is exclusive of all others. It is binding on both parties and either party has a legal right to invoke it. Mackey v. Ames, 31 Minn. 103, 16 N. W. 541; Heisley v. Swanstrom, 40 Minn. 196, 41 N. W. 1029; Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410, 744; Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10; Hubechek v. Maxbass Security Bank, 117 Minn. 163, 134 N. W. 640, Ann. Cas. 1913D, 187. Such a provision has no reference to a situation where the vendor can make title, but fails to do so. It covers only the case where title is not good and in good faith cannot be made good. Joslyn v. Schwend, 85 Minn. 130, 88 N. W. 410, 744.

There is no question in this case but that defendant vendors were unable, by the exercise of good faith and of every effort, to make good title, and were it not for the provision in the contract which follows the one above quoted, not a doubt could exist as to the construction of this contract. The provision following reads: "But if the title to said premises is good in the name of Halle Olson within or by March 1st, 1914, and the said purchaser refuses to accept the same, said One Thousand (1,000) Dollars shall be forfeited to William J. Morehart and George Atchison, but it is agreed and understood by all parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract." This provision is a strange one in that by its terms it provides for a forfeiture by the vendee of the consideration paid, in the event of repudiation by him, if the title should be good in Halle Olson, even though the vendors could not get the Olson title and could not make title to the vendee. We are not sure that such a forfeiture could be enforced. It is contended by defendants that the insertion of the name "Halle Olson" was a clerical error, that instead the contract should have read "Morehart and Atchison," and that the error arose from the fact that the scrivener copied the form of this contract from the contract between Olson and defendants and failed to properly conform this part of the contract to the terms agreed upon between plaintiff and defendants. These questions are not before the court and we do not decide them. We simply hold that this incongruous and inconsistent provision cannot be held to control

or modify the earlier provision which in clear and unmistakable language fixes the rights of the parties in the event of failure of title. The two provisions are distinct in their purpose. There is no reason why one should control the other. The latter one provides for the remedy for repudiation of the contract by the vendee. The former one provides the remedy, not for the repudiation by the vendors, but, in the event of their inability to make title. There is no reason why different remedies and rules of liability may not be fixed by the contract of the parties in the two cases.

The verdict returned gave to the plaintiff just what he was entitled to under his contract. Since the result is right, and since no other result could be reached, it is unimportant whether the court committed any errors in arriving at that result. If he did, they were errors without prejudice.

Order affirmed.