## ROBITSHEK INVESTMENT COMPANY v. MARGARET WICK.[1]

April 14, 1927.

No. 25,960.

**Contract of sale was terminated when vendor gave the statutory notice specified in the contract.**

1. A land contract contained a provision for the termination of the vendee's rights by the service of notice "in accordance with the statute in such case made and provided." The subject matter of the contract was an apartment house and certain fixtures and personal property contained therein. The vendee defaulted and was served with the notice prescribed by G. S. 1923, § 9576. Without deciding whether an executory contract for the sale of real and personal property can be canceled by giving the statutory notice, it is *held* that, the parties having provided in the contract for the kind of notice of cancelation required to terminate it, and such notice having been given, it operated to terminate the vendee's rights under the contract.

**Such notice signed by attorney in fact of vendor's assignee sufficient.**

2. A notice of cancelation signed by the attorney in fact of the vendor's assignee, in behalf of the assignee, is sufficient.

Vendor and Purchaser, 39 Cyc. p. 1386 n. 93.

[1]Reported in 213 N. W. 551.

Appeal by defendant Margaret Wick from a judgment of the municipal court of Minneapolis, White J. Affirmed.

C. A. *Pidgeon* and F. T. *Persinger*, for appellant.

*Leonard, Street & Deinard*, for respondent.

LEES, C.

This is an appeal from a judgment in an unlawful detainer action.

In July, 1925, the Lincoln Securities Company entered into a contract for the sale to appellant of an apartment house in the city of Minneapolis and of the storm sash, screens, awnings, window shades, wall beds, refrigerators, gas and electric fixtures, hall and stair carpets, and heating and janitor supplies, used in the building. The purchase price of $128,000 was payable in instalments of $1,250 a month up to August, 1929, when the balance then due became payable. The contract contained a clause reading thus:

"Should default be made in the payment of any or either of said several sums of money, * * * said party of the first part may, at its option, by written notice in the manner provided by law, declare this contract cancelled and terminated, * * * said notice [to] be in accordance with the statute in such case made and provided."

The appellant made default in the payment of taxes and of two of the monthly instalments. The Lincoln Securities Company had transferred the property to the respondent, which gave the statutory notice of cancelation. The appellant failed to remove the default, and this action was brought to recover possession.

Appellant's first point is that, since the contract included personal as well as real property and did not separately specify the purchase price of each, G. S. 1923, § 9576, as amended by L. 1925, p. 154, c. 163, is inapplicable and the notice was without force or effect. The subject matter of the statute is the notice required to terminate contracts for the sale of land. The statute makes no reference to contracts for the sale of personal property. For the purpose of this discussion, we will assume that the statute is limited in its application to contracts for the sale of land only. The statu-

tory method of canceling such a contract is not exclusive. The rights of the vendee may always be terminated by action, State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70, and it is argued that only by bringing a suit for that purpose could there be an extinguishment of the appellant's contract rights.

Before the statute was enacted, it was held that, if the vendor was entitled to possession, he could bring an action in ejectment immediately upon the vendee's default, and that ordinarily, where the time of performance was made the essence of a contract, a failure by the vendee to perform within the allotted time operated, in the absence of a statute to the contrary, as a forfeiture of the vendee's rights, Williams v. Murphy, 21 Minn. 534; but that where time was not of the essence of the contract, the vendor could not arbitrarily cut off the rights of the vendee, Tingue v. Patch, 93 Minn. 437, 101 N. W. 792. It was also held that where time is of the essence of the contract, the agreement of the parties will be enforced in equity and at law, Grant v. Munch, 54 Minn. 111, 55 N. W. 902; and that, in the absence of a statute to the contrary, the vendee's failure to perform within the prescribed time operates as a forfeiture of all his rights, subject to the qualification that, where the vendor permits the vendee to continue in possession and make payments after the lapse of such time, he must give notice that the vendee's rights will be forfeited unless he performs within a reasonable time, Tingue v. Patch, supra; Mo v. Bettner, 68 Minn. 179, 70 N. W. 1076.

The conclusion follows that, if the contract here in question is not within the statute, the rights of the appellant could be cut off by any method which was permissible prior to the enactment of the statute, and that, if the contract is within the statute, the appellant's rights were cut off by the notice of cancelation served upon her. We think the terms of G. S. 1923, § 9576, are incorporated in the contract by virtue of the language of the above quoted provision for notice to terminate the vendee's rights. In the absence of a statute, the parties may provide, in a land contract, for the kind of notice of cancelation required to terminate it. True v. N. P. Ry. Co. 126 Minn. 72, 147 N. W. 948; Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10.

It follows that the service of the notice terminated appellant's rights unless she performed within the time specified therein, and that 30 days was a reasonable time in which to perform.

We cannot sustain appellant's contention that only by bringing an action could the contract be canceled and the appellant's rights terminated. If the statute is applicable, the notice served terminated her rights. If it is inapplicable, the notice nevertheless terminated the contract, because it was such notice as the parties had agreed upon. In either case, appellant's rights came to an end when she failed to remove her default within the time specified in the notice.

It is urged that the notice is defective because it is signed: "Robitshek Investment Company By Amos S. Deinard, Attorney-in-fact." More specifically, the contention is that it does not appear that Mr. Deinard was in fact the attorney for the Robitshek Investment Company. This point is disposed of by First Nat. Bank v. Coon, 143 Minn. 262, 173 N. W. 431, and Clark v. Dye, 158 Minn. 217, 197 N. W. 209. We see no reason for drawing a distinction between a notice to which the vendor's signature is affixed by an attorney in fact and one where it is affixed by an attorney at law.

Judgment affirmed.