## IRVING H. ROBITSHEK v. ERNEST R. MAETZOLD.[1]

December 31, 1936.

No. 31,109.

*Joseph J. Granbeck, Leonard H. Summerfield,* and *R. M. Mc-Careins,* for appellant.

*J. A. Mansfield,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the judgment. The findings of fact are accepted as correct; but the assignments of error are that the conclusions of law are wrong and that plaintiff is entitled, under the findings of fact, to judgment against defendant instead of in his favor.

[1]Reported in 270 N. W. 579.

The following is a summary of the main facts: On March 4, 1929, Marie V. Mowry and husband by written contract agreed to sell and convey by deed of warranty certain premises in the city of Minneapolis to defendant for the sum of $14,000, which defendant agreed to pay as follows: $1,500 as the contract was executed, $7,000 by assuming and agreeing to pay a mortgage for that amount then on the premises together with interest thereon, and $65 per month with interest from date at six per cent per annum, payable semi-annually, until fully paid. The contract was entered into without fraud or misrepresentation being used by the vendors. Thereafter on the same day Mowry and husband conveyed the premises to plaintiff and assigned the said contract to him. The deed and contract were recorded in the office of the register of deeds of Hennepin county, the registration tax on the contract having been paid. Of this defendant had notice and made the monthly payments to plaintiff as stipulated in the contract up until May 1, 1931, but no longer, and he failed to pay the interest due under the contract March 1, 1931, and failed and refused to pay the principal and interest falling due on the $7,000 mortgage. The contract provided that if there were default in any payment which continued for more than ten days all payments to become due thereunder should, at the option of the vendors, become due. That there was such default, and plaintiff declared the whole amount due on September 11, 1931. And the whole amount then due plaintiff was $3,875. The payments on the $7,000 mortgage which defendant agreed to make were defaulted by him, and the mortgage was duly foreclosed and the premises sold by the sheriff of Hennepin county on September 10, 1931. There was no redemption, and the premises were thereby lost to plaintiff. When plaintiff elected to declare the whole purchase price due on September 11, 1931, he made no tender of deed to the premises to defendant and has never so done. Defendant has paid in all on the purchase price $1,790. The conveyance of the premises by Mowry and husband to plaintiff was made subject to the contract for deed, and plaintiff had a good and marketable title to the same until lost through the foreclosure of the $7,000 mortgage which defendant has assumed and agreed

to pay by the contract. Defendant at no time requested a deed from plaintiff. No evidence was offered as to the value of the premises on September 11, 1931, or at the time this action was begun. Because of the lack of evidence of such value the court concluded that plaintiff could not recover, and directed judgment for defendant for costs.

Defendant contends that the theory of plaintiff's case, as indicated by the complaint, is one for damages resulting from defendant's breach of the contract. The findings of fact must now control. The evidence to sustain the findings may have gone in without objection that it was not within the issues made by the pleadings. If the law upon the facts found requires a different judgment than the one entered, the conclusions of law must be so modified as to require the rendition of a proper judgment. This was an action to recover upon a contract, and if the facts found show plaintiff entitled to recover he should have judgment therefor.

Where a purchaser of real estate under a contract for deed defaults the vendor has several remedies. See 66 C. J. p. 1206, § 1069; O. W. Kerr Co. v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912C, 538; Noyes v. Brown, 142 Minn. 211, 171 N. W. 803; United States I. R. Co. v. DeLancy Co. 152 Minn. 78, 84, 188 N. W. 212, 214. In the case last cited the vendor's remedies are thus stated:

"He may bring an action for damages for breach of the contract. He may bring an action to enforce a lien against the property for the unpaid purchase price. He may bring an action for specific performance and recover a money judgment for the purchase price on performing the part of the contract to be performed by him. If he is entitled to receive the purchase price before he can be required to convey, he may bring an action at law therefor, but collection of the judgment will be stayed until he deposits a proper deed for delivery to the vendee on payment of the judgment."

If this be considered an action for damages, plaintiff's damages would be the unpaid balance of the purchase price, for the title to the premises has been lost by defendant's breach of the contract. There is now no occasion to ascertain the value of the premises at

any time in order to ascertain the damages suffered by plaintiff. The only thing left of the contract, as far as plaintiff is concerned, is the balance due him of the sum he under the contract was to receive. Again, if you take the facts as found and consider the action as one to enforce the vendor's lien, the value or sale of the premises is immaterial, for the premises are gone through defendant's fault, and nothing is left to plaintiff except a judgment for the remainder due of the purchase price. And if the action should be considered as one for specific performance, there is no occasion for evidence of the value, nor is there need for such a useless or vain act as tendering a deed to the premises to defendant, who by his wrongful act has caused the good and marketable title which plaintiff did possess to be irretrievably lost to him. Even regarding the covenant to pay dependent and concurrent with the covenant to convey, defendant, by his failure to pay the mortgage he agreed to pay, has disabled plaintiff from conveying, and no one can take advantage of his own default or breach. Miller v. Chinn (Mo. App.) 195 S. W. 552. Plaintiff could be under no obligation to protect the title against the mortgage which defendant assumed and agreed to pay. We think the facts found entitle plaintiff to judgment against defendant for $3,875, the balance of the purchase price the defendant agreed to pay. Defendant is not in a position to demand anything more of plaintiff than he received, *viz.*, the use and possession of the premises until his own default lost them to a third party.

The judgment is reversed and the cause is remanded with directions to amend the conclusions of law and enter judgment for plaintiff in conformity with this opinion.

MR. JUSTICE PETERSON, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.