DOROTHY KIRK v. JENNIE WELCH.[1]

April 17, 1942.

No. 33,169.

[1]Reported in 3 N. W. (2d) 426.

*A. P. Rickmire,* for appellant.

*R. L. Van Fossen,* for respondent.

PETERSON, JUSTICE.

This is an appeal from the judgment entered by the clerk of the district court without further order after the court ordered that

the answer and counterclaim be stricken as sham and that plaintiff have judgment against defendant as by default of an answer.

The action is for breach of a contract dated August 9, 1940, by the terms of which plaintiff, as vendor, agreed to sell and convey to defendant, as vendee, and the latter agreed to buy, certain real property. As consideration therefor, defendant agreed to pay the sum of $844.50, to assume the mortgage on the premises, on which there was due "about $965" and certain foreclosure expenses, and to pay a balance of $58 due for the furnace. The $844.50 was payable $100 down, $50 on January 1, 1941, and the balance in $10 monthly installments beginning February 1, 1941, with interest at five per cent per annum on deferred payments. Since no point is raised with respect to the payment of the balance due for the furnace, we lay the matter aside as of no importance here. The contract also provided that the vendor would convey the property to the vendee upon prompt and full performance; and that the vendor "at any time at the request" of the vendee would join in either a "renewal or new mortgage" to take the place of the mortgage then on the premises. The vendor was given the right "at her option" to cancel the contract upon default in accordance with the statute.

The contract did not contain an acceleration clause whereby unpaid future installments might be declared presently due upon a default.

The complaint alleged that the mortgage was in process of foreclosure when the contract was executed; that 11 days afterwards, on August 20, 1940, the property was sold at the mortgage foreclosure sale to the Investors Syndicate, the mortgagee; that defendant paid $210 under the contract, consisting of the $100 down payment, the $50 payment due January 1, 1941, and six monthly payments of $10 each on the first day of February, March, April, May, June, and July 1941; that, although request and demand were often made, defendant failed to redeem from the mortgage foreclosure sale; that on August 20, 1941, title vested absolutely in the purchaser at the foreclosure sale and that thereby the sub-

ject matter of the contract was lost to the parties so as to render performance impossible. Plaintiff alleged that she was damaged by such breach of contract in the amount of $634.50, the amount due on the contract, with interest thereon.

The answer contained a general denial and alleged that any loss or damage sustained by plaintiff was caused by her failure to pay the mortgage or otherwise protect herself against the foreclosure and by her failure to redeem during the period of redemption. It also contained a counterclaim for the amount of $210 paid under the contract.

Plaintiff moved to strike the answer as sham. The motion was supported by an affidavit of plaintiff that the allegations of the complaint were true and that plaintiff surrendered, and defendant took, possession under the contract. The showing was not controverted. The court below ordered that the answer and counterclaim be stricken "as sham and false" and "that plaintiff have judgment against defendant as prayed for in the complaint as by default of answer."

Subsequently plaintiff served notice of taxation of costs and disbursements to be inserted in the judgment to be entered by the clerk on November 28, 1941, for $634.50 plus $24.57 interest. Defendant did not object to the entry of judgment or the inclusion therein of the amounts mentioned. Nor did she apply to the court to modify or vacate the judgment. There was no order for the judgment entered, nor was the judgment approved by the court before entry thereof.

Plaintiff did not pay the mortgage registry tax on the contract for deed imposed by Mason St. 1927, §§ 2322-2336, until after the expiration of the period for redemption and after the commencement of this action.

Defendant contends that the court was without power to determine upon affidavit that the answer and counterclaim were sham; that the contract for deed was unenforceable because of nonpayment of the mortgage registry tax prior to the expiration of the time for redemption from the sale under the mortgage; that plain-

tiff was not entitled to recover, because any loss sustained by her was caused by her own acts and omissions; that for lack of an acceleration clause plaintiff was entitled to recover not more than the installments due on the contract at the time this action was commenced, which amounted to not more than $60 and interest rather than the balance payable in installments in the future over a period of approximately five years; and that plaintiff was entitled to cancel the contract for deed under the statute, but not to recover damages for its breach.

1. Under Mason St. 1927, § 9259, a sham or frivolous answer may be stricken on motion and judgment rendered notwithstanding the same as for want of an answer. A sham answer is one which is false in fact. Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 32, 292 N. W. 777. In determining whether or not allegations in an answer are false, the court necessarily must find the facts with respect to the matter. The motion to strike was never intended as a substitute for a trial. Its true purpose is to determine whether there is an issue to try. If there is such an issue, it must be determined by trial, not by motion. Therefore the court should be careful to limit its decision accordingly and not determine controverted issues of fact upon affidavits in passing on a motion rather than by trial with confrontation and examination of witnesses. Zinsmaster Baking Co. v. Commander Milling Co. 200 Minn. 128, 273 N. W. 673.

The falsity of a pleading may be shown by affidavit. But the showing must be clear and unequivocal. That requirement was met in the instant case. Defendant failed to controvert the showing that her denials were false. Where the showing of the plaintiff is that the answer is false, failure to controvert the showing must be taken as admitting its truth. Neefus v. Neefus, 209 Minn. 495, 296 N. W. 579. Furthermore, by alleging in the answer that plaintiff's loss was caused by her own acts in failing to redeem or otherwise protect herself from the foreclosure sale, defendant impliedly admitted the fact of the contract, the foreclosure of the mortgage, and the resulting loss of the property. With the false

denials out of the answer, there remained no issue of fact to try. The answer and counterclaim were properly stricken. Hasse v. Victoria Co-op. Cry. Assn. 208 Minn. 457, 294 N. W. 475.

2. If the mortgage registry tax imposed by Mason St. 1927, §§ 2322-2336, is not paid, a contract for deed under which the vendee is entitled to or takes possession of the land sold thereunder is not admissible in evidence in virtue of *Id.* § 2328. The statute is a revenue measure. Failure to pay the mortgage registry tax on a mortgage or contract for deed does not render the instrument void, but it does suspend the legal efficacy of the instrument by holding its enforcement in abeyance until the tax is paid. The plain purpose is to compel payment of the tax, and when that is done the reason for the suspension of enforcement of the instrument ceases. Payment of the tax revives the instrument from its legal dormancy so as to permit its enforcement. The time of payment is not important so long as it precedes the enforcement of the contract or its use as evidence. Benjamin v. Savage, 154 Minn. 159, 191 N. W. 408, 35 A. L. R. 97 (payment made during trial, after objection made that contract was not admissible for failure to pay the tax); Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422.

3. The rule of Pratt v. Martig, 182 Minn. 250, 234 N. W. 464, that, absent an acceleration clause, future installments do not become due and payable upon default of payment of one installment, does not help defendant. This action is to recover not the future installments, but damages for breach of contract.

Where the vendee under a contract for deed in breach of contract fails to pay an existing mortgage on the property sold and the property is lost to the parties by foreclosure of the mortgage, the vendor is entitled to judgment for the balance of the purchase money notwithstanding the fact that such purchase money is payable in installments in the future. Robitshek v. Maetzold, 198 Minn. 586, 270 N. W. 579. The reasons for the rule have been so recently stated in the cited case that there is no occasion now to go over the ground again.

Defendant was obligated to pay the mortgage debt by the agreement to "assume" the mortgage. An agreement by a vendee to assume an existing mortgage on property sold without express agreement that he also agrees to pay the same is one to pay the mortgage debt. Schley v. Fryer, 100 N. Y. 71, 2 N. E. 280; annotation, 101 A. L. R. 283. An obligation to pay an encumbrance is, as the term indicates, not one of indemnity, but of payment. Gustafson v. Koehler, 177 Minn. 115, 224 N. W. 699.

4. Plaintiff's loss was not occasioned by her own but by defendant's acts. The contract in express terms imposed on defendant as vendee the obligation to assume the mortgage. The plaintiff's only obligation with respect to the matter was to join, "at the request" of defendant, in any renewal or extension. No such request was made by defendant. The failure of defendant to perform her covenant was a breach of contract for which an action lies.

5. Parties to a contract may provide for its annulment or discharge. Robitshek Inv. Co. v. Wick, 171 Minn. 127, 213 N. W. 551; Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10. In the instant case the provision was that plaintiff might "at her option" cancel the contract under the statute upon default by defendant. She was not bound to pursue that remedy. Where the vendor has an option to cancel a contract for deed upon default by the vendee, cancellation is a cumulative, not an exclusive, remedy, and if the vendor does not exercise the option he may pursue any other remedy. John v. Timm, 153 Minn. 401, 190 N. W. 890; Coles v. Shepard, 30 Minn. 446, 16 N. W. 153. Consequently, plaintiff had the right to sue for breach of contract instead of proceeding to cancel the contract.

The other points raised by defendant have been considered and found to be so clearly without merit as not to require discussion.

The judgment should be affirmed.

Affirmed.