# NORMAN B. BRIGGS AND ANOTHER v. GEORGE A. JOHNSON AND ANOTHER.

196 N. W. 2d 470.

March 31, 1972—No. 42994.

*Bruce R. S. Johnson* and *George Johnson,* pro se, for appellants.

*Edward. M. Cohen* and *Ronald E. Budd,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

OTIS, JUSTICE.

This is an action to enjoin the cancellation of a contract for deed. The issue is whether the purchasers' default in payments on a mortgage constituted a violation of the conditions of the contract so as to authorize the vendors to cancel the contract. The trial court found that the vendees' payment of the mortgage is

not a condition precedent to keeping the contract in force, and we agree.

The parties have stipulated to the facts as follows:

"1. On August 27, 1968, plaintiffs and defendants herein entered into a purchase agreement, in which agreement plaintiffs agreed to purchase, and defendants agreed to sell, certain real property legally described as follows:

"Lot 23, Block 2, Twin Terra Linda, Hennepin County, Minnesota.

"2. The agreed purchase price of said premises was in the total amount of $30,000.

"3. Defendant George A. Johnson was an experienced dealer in real estate and contracts involving property.

"4. Defendant George A. Johnson assisted plaintiffs herein in obtaining financing from Twin City Federal Savings & Loan Association in the amount of $22,950.00.

"5. Defendants George A. Johnson and Audrey M. Johnson executed a mortgage note in connection with said financing subsequent to the execution of the note by the plaintiffs Norman B. Briggs and Diane M. Briggs herein, and subsequent to the execution of the contract for deed hereinafter described.

"6. The contract for deed dated November 22, 1968, signed by plaintiffs and defendants, provided for payment of the principal sum of $30,000 in three units: $3,000 in cash; $22,500 by a mortgage; and $4,500 by this contract for deed.

"7. Defendants George A. Johnson and Audrey M. Johnson have received $3,000 in cash and have received the proceeds of the mortgage made by plaintiffs and defendants with Twin City Federal Savings and Loan in the amount of $22,500.

"8. From and after November 22, 1968, and to and including March 15, 1970, plaintiffs paid and kept current all installments of said mortgage.

"9. From and after March 15, 1970, plaintiffs have failed to make said mortgage installment payments while defendant

George A. Johnson has made such installment payments, all at a total cost and expense to him in excess of $1700."

The relevant provisions of the contract for deed are as follows:

"And said parties of the second part, in consideration of the premises, hereby agree to pay said [parties] of the first part, at designated place as and for the purchase price of said premises, the sum of Thirty Thousand Dollars, in manner and at times following, to-wit:

"$3,000.00 in hand paid and hereby acknowledged.

"$22,500.00 first Mortgage which becomes $22,950.00 by adding $450.00 for Insurance.

"$4,500.00 by this contract for deed 7½ (7½% simple interest) and payable at the rate of $45.00 per month commencing on the 22nd day of December 1968 and each 22nd of each and every month for SEVEN YEARS at which time this Contract shall be paid in full. During the above seven years, this contract can be paid in full without penalty. Interest shall be credited first and then principal."

The trial court found that defendants drafted the contract and that, subsequent to plaintiffs' execution of the mortgage note, defendants also executed it and assumed responsibility for the payment of the mortgage without invitation, knowledge, or approval of plaintiffs. The court reached the following conclusion:

"Plaintiffs are entitled to the declaratory judgment of this court that the payment of the mortgage dated November 22, 1968 is not a condition precedent to the keeping in full force and effect of the contract for deed previously executed on November 22, 1968."

In a memorandum, the court gave the following reasons for its holding:

"Absent evidence of affirmative expression of intent, there has been no showing that the parties intended that plaintiffs

would forfeit their $3,000 down payment other than by nonpayment of the $45.00 per month payment. The terms and conditions of the mortgage were not known at the time of the execution of the contract. It therefore seems both legally proper and equitable to infer that the manifest intention, at least, was to preserve the [6] months right of redemption from a foreclosure, rather than submit to a 30 day limitation."

We concur in the decision of the trial court, recognizing the dilemma in which the vendors find themselves. While defendants argue that the reference in the contract to the first mortgage of $22,500 implies as a matter of law that the purchasers' obligation to maintain the mortgage is superimposed on the contract as a condition thereof, this was not expressed in the contract. It can as readily be construed to indicate only the manner in which the financing would be accomplished, that is to say $3,000 in cash, $22,500 by securing a mortgage, and the balance of $4,500 to be paid by a contract for deed over a 7-year period. While it is likely that the prospective mortgagee would not make the loan without the vendors' joining on the mortgage note, this was not anything contemplated by the contract for deed between the parties. To that extent, vendors were volunteers.

The cases cited by defendants do not require a different result. In Gustafson v. Koehler, 177 Minn. 115, 224 N. W. 699 (1929), we held that where property is purchased subject to a mortgage without an express assumption clause, the purchaser's agreement to assume could be shown by parol. We concluded that the grantor had a cause of action against the grantee for failing to pay the mortgage without the grantor himself being required to pay that debt. Kirk v. Welch, 212 Minn. 300, 3 N. W. 2d 426 (1942), involved an express assumption of a mortgage by the purchaser. We said that an agreement to assume a mortgage is also one to pay the same and confers on the grantor a cause of action for the balance of the purchase price under a contract for deed. Neither of these cases governs the decision in the matter before us. There was no mortgage on the property when plain-

tiffs purchased it. The contract was prepared by defendants and contained no express agreement that plaintiffs had a duty to keep current the payments on the mortgage which was contemplated.

We need not anticipate the remedies available to defendants in order to enforce their contract. They have received at least $25,500 on the contract and are entitled to recover the remainder by whatever legal route they select. While they may lose their security interest if the mortgage is foreclosed, the purchasers' liability on the contract is not thereby satisfied. Nor do we speculate on what equitable rights defendants may have if they themselves continue to make payments on the mortgage. Suffice it to say that we share the views expressed by the trial court that to construe the contract in the manner for which defendants contend would deprive plaintiffs of their right to redeem within 6 months and would reduce that period to 30 days. We are of the opinion that had this been the intention of the parties, it was incumbent on defendants, who drafted the instrument and who were professional real estate brokers, to impose that duty on the purchasers by including an express provision to that effect.

Affirmed.