**WALGREEN ARIZONA DRUG CO.,** an Arizona corporation, Appellee,

v.

**Mary Ann LEVITT,** an unmarried woman; Janet Levitt, an unmarried woman; Norman D. Levitt, Aaron L. Levitt: and Sarah L. Hiller, as Trustees for the Thomas I. Levitt, II Trust; Aaron L. Levitt, Mathew J. Levitt and Elizabeth G. Levitt, as Trustees for the Norman D. Levitt "C" Trust; Aaron L. Levitt, Mathew J. Levitt, and Elizabeth G. Levitt, as Trustees for the Norman D. Levitt "D" Trust; Aaron L. Levitt, Mathew J. Levitt, and Elizabeth G. Levitt, as Trustees of the Norman D. Levitt "E" Trust; the N.L.F. Co., a Minnesota corporation, and Northwestern Life Insurance Company, a Minnesota corporation, Appellants.

No. 80–5786.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1982.

Decided March 3, 1982.

Rehearing and Rehearing En Banc
Denied June 21, 1982.

Philip T. Goldstein, Goldstein & Kingsley, Ltd., Phoenix, Ariz., for appellants.

Loren W. Counce, Jr., Snell & Wilmer, Phoenix, Ariz., Raymond Wallenstein, Los Angeles, Cal., argued, for appellee; Robert C. Bates, Phoenix, Ariz., on brief.

Before CHOY, GOODWIN and FARRIS, Circuit Judges.

GOODWIN, Circuit Judge.

The Levitts appeal a judgment of $3,277,-625 damages in favor of Walgreen in a dispute over a piece of real estate leased to Walgreen and subsequently sold to the Levitts. Because the Levitts were precluded from presenting their affirmative defenses to liability, we reverse and remand.

## FACTS

The property in question is part of a larger corner site in Scottsdale, Arizona, on which the prior owner, Wonderfair Stores, Inc., had planned to construct a shopping center. In April 1965, Wonderfair entered into a twenty-year lease with Walgreen for a portion of the site. Wonderfair contracted *inter alia* to build an appropriate structure, to provide parking, and to assure that certain other businesses would also locate in the center. Wonderfair contracted to put Walgreen into possession by January 1, 1966, or not later than January 1, 1967. The lease provided that all covenants would run with the land, and was subsequently recorded.

Wonderfair did not construct the building as agreed, and became bankrupt in March 1967. The trustee sold a four-acre parcel of the approximately 18-acre site to the Levitts in November 1967. The trustee sold another parcel to Bud Beck Pontiac and optioned another tract to Ford Motor Co. The deeds were recorded.

The Levitts began construction of a furniture store on their four acres in January 1968. Walgreen wrote to the Levitts in March 1968 advising them of Walgreen's interest in the property. Walgreen filed this action in July 1968. The Levitts, believing their title to be superior to that of Walgreen, completed their store in November 1968.

In June 1971, Walgreen contracted with Ford to sell its right-of-way and parking rights in the property on which Ford had an option. Under the original plan, the Ford property was to have provided the parking and access to one of the two main roads bordering the shopping center for the Walgreen store.

## PROCEEDINGS BELOW

Walgreen's complaint sought declaratory, injunctive, and compensatory relief. The Levitts moved for summary judgment, arguing that Walgreen's lease was invalid because it was executory, improperly recorded, indefinite in its terms, and violated the rule against perpetuities. Proceedings were also pending in California before the referee in bankruptcy to determine the status of the Walgreen lease. The referee held the lease void, and this action in Arizona was stayed pending review of the bankruptcy decision by the California district court. The district court in California held the lease valid. Walgreen then filed in this action in Arizona a motion for partial summary judgment asserting the *res judicata* effect of the California district court judgment. The Arizona district court granted the Levitts' motion for summary judgment and denied Walgreen's motion for partial summary judgment.

Walgreen appealed to this court. The appeal was consolidated with the appeal on the bankruptcy judgment from the California district court. This court upheld the validity of Walgreen's lease in *In Re Wonderfair Stores, Inc. of Arizona*, 511 F.2d 1206 (9th Cir. 1975), against challenges on the grounds that it was executory, improperly recorded, indefinite and violated the rule against perpetuities, and therefore affirmed the California district court. The opinion devoted three paragraphs to the Arizona case, concluding that because the Walgreen lease was "valid," the Arizona district court judgment was reversed. The Arizona case was remanded with instructions that the court enter an order for summary judgment against the Levitts and in favor of Walgreen.

On remand, the Levitts sought to assert several affirmative and equitable defenses against liability. However, the district court precluded them from doing so on the basis that liability had been fully decided by this court. The court entered an order granting partial summary judgment for Walgreen and restricted the trial to the issue of the amount of damages. The Lev-

itts immediately took an appeal to this court, which was dismissed as premature.

Trial on the question of the amount of damages was held before a special master in November 1979, and judgment was entered for Walgreen in the amount of $3,277,625 in September 1980. The Levitts then brought this appeal.

1. *The District Court's Reading of this Court's Mandate*

■ The district court misconstrued the scope of this court's mandate in *In Re Wonderfair* by erroneously concluding that because this court had held that the Walgreen lease was valid and had priority over the subsequent transfer to the Levitts, there could be no questions between the parties on their rights and liabilities between themselves. *In Re Wonderfair* was concerned only with the question of the validity of the Walgreen lease. In the context of the whole opinion, this court's mandate clearly intended that the Arizona district court grant summary judgment for Walgreen on the issue of the validity of its lease. This court did not foreclose other defenses by the Levitts. It would not have been possible for this court to decide the ultimate issue of the Levitts' liability because the district court did not have the necessary evidence before it and the record before this court was silent on the Levitts' possible defenses. The motions for summary judgment had been confined to the issue of the validity of the lease. Questions of fact clearly remained as to the equitable defenses asserted in the Levitts' answer.

Under these circumstances, it was error for the district court to conclude that "Issues relating to the breach of the Lease; to Walgreen's notice or lack thereof of the trustee's plan to sell parcels of real estate comprising the Wonderfair Shopping Center; to whether the shopping center had been abandoned by the original landlord; to whether or not Walgreen gave actual notice to the trustee of its interest in the property; to whether Walgreen kept itself informed of the parties to whom the premises in the Lease were being transferred or made any

efforts to do so; to when Walgreen first received notice of the Levitt deed; and to the equitable defenses raised by defendants are all determined adversely to defendants by the Ninth Circuit Court of Appeals Decision herein and the Order and Judgment of November 24, 1975."

The district court should have reopened the case to provide the Levitts an opportunity to present affirmative defenses to liability including (1) whether Wonderfair's breach of the lease converted the lease to a chose in action (a covenant not running with the land); (2) whether Walgreen is estopped or waived its right to assert a claim for damages by its own actions; and (3) whether the Levitts are potentially liable only to the extent to which the lease covenants are apportionable to their property. We express no opinion on any of these issues.

### 2. The District Court Did Not Err in Awarding Walgreen Damages for Lost Profits

We discuss this issue for the guidance of the district court in the event that it reaches the question of damages after remand to it of this case.

The Levitts contend that the district court's award of damages based on lost profits is clearly erroneous and should be reversed because a Walgreen store at this location would have been a new and unestablished business, and therefore profits were too speculative to constitute a valid basis for the calculation of damages. The Levitts argue that because of the logistics of the site and because of Walgreen's sale of rights to Ford, a store on the Levitt property would have to operate as a free-standing building with limited customer access and without the advantage of anchor tenants, thus differing significantly from all other established Walgreen stores located in the greater metropolitan Phoenix area. The Levitts argue that Walgreen's damages should therefore have been restricted to the difference between the contract rental and the rental value of the leasehold estate.

Walgreen contends that the hypothetical store would have been simply an extension of a well-established retail operation which runs over 700 such stores nationwide. Moreover, under Arizona law even a new business can recover lost profits if they can be proven with reasonable certainty. *Earle M. Jorgenson Co. v. Tesmer Manufacturing Co.*, 10 Ariz.App. 445, 450, 459 P.2d 533, 538 (1969).

Review of a district judge's interpretation of state law within her or his district will not be overruled unless clearly wrong. *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1380 (9th Cir. 1981). Under this standard, the district court's conclusion that lost profits could be recovered was not erroneous as a matter of law. The amount of damages remains problematic, however.

### 3. The District Court Erred in its Calculation of Damages

The trial court's calculation of damages was based on a hypothetical store which cannot now be built on the property. A store built under existing conditions would have to be a free-standing unit with limited parking and access to only one arterial road, whereas the figures used at trial were based on a unit in a community shopping center with access to two arterial roads, as originally proposed under the lease in 1965, before the fragmentation of the property caused by the trustee's sale to the Levitts and Walgreen's sale of its easement rights to Ford. If liability is established on remand, the trial court should consider all relevant events occurring after the sale of the four acres to the Levitts. It is not clear from the record that the percentage rental required by the lease was properly offset against lost profits in calculating damages, and the district court should seek further clarification of this question on remand if it becomes necessary to calculate damages.

The Levitts also argue that Walgreen failed to exercise reasonable diligence to minimize its damages and should therefore recover nothing. The district court concluded that Walgreen made sufficient

attempts to find another site but was unable to do so. This finding is not clearly erroneous.

The case is remanded for trial on the Levitts' defenses to Walgreen's claims (other than the validity of Walgreen's lease as previously decided by this court), and for a calculation of damages, if any, consistent with this opinion.

Reversed and remanded.