Mark R. FULLER and Jacqueline R. Fuller, Plaintiffs-Appellants,

v.

EQUITABLE SAVINGS AND LOAN ASSOCIATION, an Oregon Corporation, Defendant-Appellee.

No. 82–3355.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 1983.

Decided Oct. 18, 1983.

R. Vern Kidwell, Holden, Kidwell, Hahn & Crapo, Idaho Falls, Idaho, Don G. Carter, McEwen, Newman, Hanna & Gisvold, Portland, Or., for defendant-appellee.

Eugene L. Bush, Sharp, Anderson, Bush & Nelson, Mark R. Fuller, Idaho Falls, Idaho, for plaintiffs-appellants.

Before KILKENNY, CHOY and CANBY, Circuit Judges.

CHOY, Circuit Judge:

The Fullers purchased a residence and sought to assume the seller's existing loan. The lender insisted that the interest rate on the loan be increased two percent as a condition to permitting the purchasers to assume. The purchasers brought a suit for breach of contract, alleging that the due-on-sale clause in the deed of trust afforded them the option of paying an assumption fee of two points in lieu of the increased rate of interest. The district court held that the due-on-sale clause permitted the bank to require the increase in interest rate. We affirm.

The deed of trust provides that the lender will waive the due-on-sale clause if the following four conditions are met:

(1) the credit of the third party is satisfactory to [the lender]; and (2) the third party shall assume full personal liability for payment and performance of the note, deed of trust and other security instruments; (3) a charge for administrative costs is paid to [the lender]; and (4) if required by [the lender], either the interest rate on the secured loan is increased by not more than 2%, or [the lender] is paid a lump sum compensation not to exceed two (2%) percent of the loan balance at the time of the assumption.

The Fullers contend that clause (4) allows the assuming purchaser, rather than the lender, to choose whether to pay the assumption fee or the higher interest rate. The district court found that the clause was not ambiguous and that it allowed the lender to choose between the assumption fee and higher interest rate.

The interpretation of a written contract is a question of law. *See Transport Indemnity Co. v. Liberty Mutual Ins. Co.,* 620 F.2d 1368, 1370 (9th Cir.1980). In a diversity case, this court will not overturn a resident district judge's interpretation of the law of that state unless it is clearly wrong. *Walgreen Arizona Drug Co. v. Levitt,* 670 F.2d 860, 863 (9th Cir.1982).

Under Idaho law, a contract is ambiguous if it is *reasonably* subject to conflicting interpretation. *Rutter v. McLaughlin,* 101 Idaho 292, 612 P.2d 135 (1980). Under this standard, the district court's determination that the deed of trust unambiguously provided that the lender could choose whether to require an assumption fee or a higher interest rate was not clearly wrong.

Clause (4) clearly gives the lender the choice whether to require any compensation. The clause also clearly leaves it to the lender, within the limits specified, to determine how much the required assumption fee or rise in interest rates shall be. In this context, we conclude that the only reasonable interpretation is that the clause also allows the lender to choose whether the purchaser shall pay the assumption fee or the higher interest rate.

AFFIRMED.