**GRAHAM INVESTMENT
COMPANY, Respondent,**

v.

**John A. GROUSE, et al., Defendants,**

**Robert Grouse, Appellant.**

**No. C6–84–2246.**

Court of Appeals of Minnesota.

June 18, 1985.

Janice L. Goldman-Carter, Minneapolis, for respondent.

Robert Grouse, pro se.

Considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

In August 1980, Robert Grouse, John Grouse, and Lynette Grouse purchased three duplexes for investment purposes from Graham Investment Company. The buyers had extensive investment experience (one being a licensed real estate agent) and inspected the properties prior to purchase. They observed that all three properties needed repairs and received truth-in-housing reports on each. The purchase price for each duplex was $33,000— $2,000 down and the balance financed by contract for deed.

The buyers kept current on their contract payments until October 1982. Though each of the contracts requires the buyers to maintain fire and windstorm insurance on the premises and to pay real estate taxes, they failed to maintain insurance from February 1983 onward, and *never* paid any real estate taxes. The three properties were forfeited to the State of Minnesota for nonpayment of taxes.

Graham sued the vendees for breach of contract due to their failure to pay installments on the contracts for deed, real estate taxes, and fire and windstorm insurance premiums. The vendees defended by claiming that Graham induced the contracts for deed through fraud and misrepresentation.

After trial in October 1984, the court found that there was no fraud or misrepresentation in the inducement of the contracts. The court also found that defendants had breached the contracts in their failure to pay monthly installments, real estate taxes and insurance premiums as they became due. The court also found that defendants permitted the properties to significantly deteriorate and be forfeited to the State, jeopardizing plaintiff's security and entitling plaintiff to the entire balance due on each contract for deed, together with insurance premiums paid by plaintiff, and all interest provided for in the contracts for deed. The trial court entered judgment against defendants for $77,663.61, together with costs and disbursements. The court further ordered that, upon payment of the judgment by defendants, plaintiff shall tender to defendants warranty deeds for the three subject properties.

### ISSUE

Did the trial court err in awarding respondent the entire balance on each contract for deed?

### DECISION

■ Appellants request a new trial. They do so for the first time on appeal. The appellate court cannot review the propriety of a new trial where such relief was not first sought at the trial level. *See* Minn.R.Civ.P. 59.03.

■ Appellants also ask us to reverse the trial court's findings of fact. For an appellate court to reverse a trial court's findings of fact, the findings must be clearly erroneous in the sense that they are manifestly contrary to the evidence. *Preferred Risk Mutual Insurance Co. v. Anderson*, 277 Minn. 342, 344, 152 N.W.2d 476, 479 (1967). Here, however, appellant has provided no transcript of the evidence presented at trial and no trial memorandum commenting on the evidence. Consequently, the scope of our review is limited to whether the trial court made an error of law based on the facts as it found them to be.

The trial court found that defendants violated the terms of the contracts by not paying taxes. As a result, the three prop-

erties were forfeited to the State of Minnesota for nonpayment of real estate taxes.

■ The applicable rule of law is that, where a contract vendee's failure to make payments under the terms of a contract for deed results in forfeiture of the property to third parties, the vendor on the contract is entitled to judgment for the entire balance of the purchase money. *Kirk v. Welch*, 212 Minn. 300, 3 N.W.2d 426 (1942).

■ In light of *Kirk*, the court correctly ruled that the entire balance was due on each contract.

The trial court awarded damages in the amount of $77,663.61. The court gave a thorough accounting of how it arrived at this sum, tabulating amounts owed under the contract and amounts paid by the sellers to keep the insurance in force.

Contrary to appellant's allegations, the trial court clearly explained its rationale for awarding damages to include the entire balance due on the contracts for deed, and made thorough fact findings to support its conclusion that there was no fraud or misrepresentation in inducement of the contracts for deed.

Affirmed.