**UNITED STATES of America, Appellee,**

v.

**Harvey T. McLAIN, Appellant.**

**No. 84–5252.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided Aug. 2, 1985.

Rehearing Denied Aug. 29, 1985.

Jon P. Parrington, Minneapolis, Minn., for appellant.

Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

---

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS [*], District Judge.

SACHS, District Judge.

This case involves the liability of the appellant (McLain) who "assumed" a mortgage and loan but did not in so many words agree to pay or guaranty payment of the note signed by the original borrowers. The trial court[1] granted summary judgment to the appellee lender, the United States. McLain appeals, contending he should be permitted to show, by conversations prior to the execution of the documents, that he expressly disclaimed any assumption of an obligation to indemnify the lender against a deficiency.

Drawing liberally from the findings of fact below we summarize the facts as follows:

On September 25, 1979, the Department of Housing and Urban Development (HUD) loaned $450,500 to Terrence L. Luther (Luther) to rehabilitate a 24-unit apartment building he owned in St. Paul, Minnesota. To secure repayment of the loan, Luther executed a promissory note and mortgage in favor of HUD. In 1980, Luther agreed to sell the property to the defendants Rayfield Russ (Russ), and Russ and McLain agreed to assume Luther's obligations under the mortgage. HUD authorized Luther to sell and convey the subject property to Russ and McLain provided Russ and McLain assumed Luther's obligations to HUD, which they did. McLain thereafter agreed to sell his one-half interest in the property to Russ. Russ and McLain failed to pay the installment due to HUD on January 1, 1983, and have failed since that date to bring the HUD loan to currency. As a result of Russ and McLain's default, the plaintiff has declared the entire remaining balance of principal due and owing.

Suit was thereafter filed, and plaintiff sought summary judgment. McLain, by affidavit, stated he was concerned about purchasing the subject property because it involved a very high risk given its location, its need for substantial renovation, and its past rental experiences. For that reason, McLain alleges that he made it very clear to HUD that he and Russ would agree to purchase the property only if HUD would agree to accept the outstanding mortgage as the only security for the loan and did not insist on McLain or Russ assuming personal liability for the debt.

McLain admits in his answer that he assumed Luther's obligation under the mortgage. The mortgage obligation assumed by McLain incorporates the promissory note signed by Luther. Under the terms of the mortgage, the mortgagor covenants and agrees that he will "promptly pay the principal and interest on the indebtedness evidenced by the note, and all the charges and indebtedness provided therein in this mortgage, at the times and in the manner provided in the note and in this mortgage."

There is other written evidence which shows that McLain assumed Luther's obligations to the plaintiff under not only the mortgage, but the promissory note as well. The purchase agreement signed by McLain on January 13, 1980, indicates that "... the buyer shall assume ... the loan for the rehabilitation of the property in the amount of $450,500." Further, McLain signed a HUD assumption agreement letter on April 23, 1980, whereby he bound himself to Luther's obligations "as spelled out in the purchase agreement, referred to above."

The district judge ruled that McLain was bound by the unambiguous terms of the pertinent documents. McLain argues that the documents are ambiguous, and that his version of discussion between the parties precluded granting of summary judgment. We are therefore faced with an application of the parol evidence rule.

The parties do not contend that the documents are incomplete on their face, or

---

[*] The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

that the agreement must necessarily be pieced together from oral and written materials. The controlling question concerns the alleged ambiguity of the documents.

While HUD might have been more careful in the formal documentation of this transaction, it did obtain a letter agreement in which McLain and Russ agreed "to assume the subject mortgage" and noted therein that "the assumption [is] spelled out in the purchase agreement." The purchase agreement from Luther provides that McLain and Russ "shall assume the mortgage in the amount of $147,000 and the loan for rehabilitation of the property in the amount of $450,500."

Assuming a mortgage, as distinguished from taking subject to a mortgage, has a fixed meaning in real estate law. In *Green v. Ferguson*, 263 Ark. 601, 567 S.W.2d 89, 91 (1978) the Arkansas Supreme Court quoted an "apt" statement of the Florida Supreme Court, in *Kendall House Apartments, Inc. v. The Department of Revenue*, 245 So.2d 221, 223 (Fla.), *cert. denied*, 404 U.S. 832, 92 S.Ct. 74, 30 L.Ed.2d 62 (1971), as follows:

> "This court is well aware of the distinction, urged by relator, between a grantee who assumes and agrees to pay an outstanding mortgage and a grantee who takes subject to an outstanding mortgage. The former may be held personally liable; the latter is threatened only with the loss of his equity in the property in the event of foreclosure. In the absence of clear language to the contrary on a deed conveying real property, a grantee who 'assumes' a mortgage encumbering real property becomes personally liable to pay same as though he is 'assuming and agreeing to pay' it."

As in this case, a personal assumption of the duty to pay a note is often referred to, as "assuming the loan." *Fuller v. Equitable Sav. & Loan Assoc.*, 718 F.2d 951 (9th Cir.1983). "Assuming the mortgage" is given the same meaning. *Kirk v. Welch*, 212 Minn. 300, 3 N.W.2d 426, 429 (1942) ("Defendant was obligated to pay the mort-

gage debt by the agreement to 'assume' the mortgage.").

We agree with the district judge that the contract language was unambiguous and we therefore affirm the judgment.