UNITED STATES of America, Appellee,

v.

Rayfield RUSS and

Harvey T. McLain, Appellant.

No. 88–5102.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1988.

Decided Nov. 8, 1988.

Rehearing and Rehearing En Banc
Denied Dec. 20, 1988.

Jon P. Parrington, Minneapolis, Minn., for appellant.

Paul W. Day, Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Harvey T. McLain appeals from the district court's order denying him an evidentiary hearing and entering a deficiency judgment against him in the amount of $403,295.53 plus interest. For reversal McLain argues that this court's previous decision, *United States v. McLain*, 769 F.2d 500 (8th Cir.1985), addressed liability issues only and that the amount of the deficiency has never been litigated or decided. We affirm.

In 1983 the government brought suit to foreclose on a $450,500 mortgage which secured repayment of a federal property rehabilitation loan, which had been assumed by McLain and Rayfield Russ. The alleged unpaid balance on the loan was $403,295.53. By answer, McLain contested his personal liability and the amount of the deficiency, alleging that $30,000 of the loan proceeds had never been disbursed. The government moved for summary judgment arguing that a dispute as to the exact amount owed would not defeat its right to foreclose, because the amount of the deficiency could be determined at a later hearing. The district court, however, granted summary judgment to the government for the unpaid balance as recited in the complaint. McLain appealed the district court's finding of liability, but did not otherwise contest the amount found to be due and owing on the loan. The Eighth Circuit affirmed. *Id.* at 502.

After some delay, a foreclosure sale was held, and the holder of a priority mortgage purchased the property for $100, which amount was applied to cover the marshal's expenses. The government sought confirmation of the sale and entry of a deficiency judgment in the amount of $403,295.53 plus interest. McLain opposed confirmation on the ground that the amount of the deficiency had never been determined and remained in dispute. In addition to the undisbursed loan proceeds, McLain alleged that certain fire insurance proceeds should have been applied to reduce the deficiency. In response, the court referred the matter to a magistrate to facilitate a settlement of the disputed deficiency amount. The government agreed to stipulate to a deficiency amount of $255,000 but the settlement discussions were aborted when McLain insist-

ed on limiting his personal liability to one-half of any agreed upon deficiency judgment.

The magistrate recommended affirming the deficiency as reported by the marshal at the foreclosure sale, reasoning that because the unpaid balance had been alleged in the complaint, had been specifically incorporated in the district court's earlier order, and had not been contested on appeal, the doctrine of the law-of-the-case barred further consideration of the issue of the amount of the deficiency. He also found that McLain had submitted no evidence to rebut any allegations in the complaint and that the insurance proceeds, which McLain wanted applied to reduce the deficiency, had been used to pay off the holder of the first mortgage. The district court adopted the magistrate's recommendation. This appeal followed.

The parties frame their arguments in terms of the proper application of the law-of-the-case doctrine. McLain argues that he has never been afforded an opportunity to present evidence contesting the amount of the deficiency. Although it appears that this may have been the case, McLain should have raised this issue in his appeal from the initial district court order finding him liable for the amount stated in the complaint, and his failure to do so precludes further consideration of this claim. *See Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1089 (D.C. Cir.1984) (challenge to calculation of back pay awards waived by not raising on first appeal), *cert. denied,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985).

Moreover, as the district court noted in considering the merits of McLain's claim, the deficiency assessment was well supported by the documents attached to the complaint and motion for summary judgment, and the insurance proceeds were to be applied to the priority mortgage of $100,000, and were therefore not available to reduce the amount owed to the government as holder of the second mortgage. McLain has not contested these findings. Finally, although he continues to allege the existence of undisbursed loan funds,

McLain has never attempted to introduce any evidence in support of this claim.

Accordingly, the judgment of the district court is affirmed.