Bruce R. PAULSON, Plaintiff-Cross Appellant,

v.

Daniel A. LISOWY and Constance A. Lisowy,
Defendants-Appellants-Cross Respondents,

v.

John G. LOESCHER and Laverne H. Loescher, Third
Party Defendants-Respondents. †

Court of Appeals

*No. 89-0450-FT. Submitted on briefs June 6, 1989.—Decided
August 15, 1989.*

(Also reported in 447 N.W.2d 374.)

---

†Petition to review denied.

For defendants-appellants-cross respondents there were briefs by *Stephen J. Dunlap* of *Dunlap Law Offices,* Hudson.

For third party defendants-respondents there was a brief by *Thomas R. Schumacher* of *Bakke, Norman & Schumacher, S.C.,* New Richmond.

For plaintiff-cross appellant there was a brief by *Guy T. Ludvigson,* Osceola.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Bruce R. Paulson appeals a judgment dismissing his complaint for a money judgment based upon a land contract sale to Daniel A. and Constance A. Lisowy.[1] The Lisowys, who in turn sold the subject property on a land contract to John G. and Laverne H. Loescher, also appeal a judgment dismissing their claim for

---

[1] This is an expedited appeal pursuant to Rule 809.17.

money damages against the Loeschers. Both Paulson and the Lisowys contend that they can obtain a money judgment against a land contract vendee whose failure to make mortgage payments results in the foreclosure on the underlying property by a third party. We agree. A land contract vendor may obtain a money judgment against a land contract vendee even though the property is no longer available to be conveyed in fulfillment of a land contract due to the land contract vendee's breach. Accordingly, we reverse the judgment.

The facts giving rise to the issues in this case are as follows. Bruce Paulson owned the Peppermill restaurant subject to a mortgage held by the Bank of Osceola. Paulson sold the property to the Lisowys by land contract. One of the contract's terms was that the Lisowys would assume the obligation to the Bank of Osceola and make the required mortgage payments as they became due.

Approximately three years later, the Lisowys sold the same property by land contract to the Loeschers. This land contract required the Loeschers to make payments on Paulson's mortgage note to the Bank of Osceola, as well as to make the payments required of the Lisowys in their land contract with Paulson. The Loeschers ultimately defaulted on these obligations. Upon the Loeschers' default, the Lisowys resumed the operation of the Peppermill restaurant without any written agreement or understanding with any of the parties to this action. After two years the Lisowys ceased making payments to the bank. The bank then commenced a foreclosure action on the first mortgage. The bank eventually obtained a judgment for strict foreclosure, and title to the property was granted to the bank with no deficiency against any of the parties to the foreclosure action. Paulson then sued the Lisowys for a money judgment based upon the unpaid balance of the land con-

tract. The Lisowys filed a third-party complaint against the Loeschers seeking a money judgment for the unpaid portion of the land contract between the Lisowys and the Loeschers.

Both Paulson and the Lisowys contend that they are not precluded from maintaining an action for damages based on a land contract even though the bank's foreclosure made fulfillment of the land contract by the vendor impossible. There is no question that a land contract vendor may elect to bring a claim for money damages for breach of the land contract. *Kallenbach v. Lake Publications, Inc.*, 30 Wis. 2d 647, 651, 142 N.W.2d 212, 214 (1966). While this is one of various remedies available to a land contract vendor in the event of a breach, there is no Wisconsin case addressing the question of whether such a claim may be made when the real property subject to the land contract is no longer available to be conveyed to the land contract vendee. We hold that such a claim may be made when the land contract vendee's breach caused a foreclosure against the property underlying the land contract, eliminating the possibility of conveyance of the property.

We reach this conclusion for a variety of reasons, the foremost being that a land contract vendee's default should not limit or restrict the remedies available to the land contract vendor. Because a money judgment is one of the remedies that a land contract vendor may pursue, *id.*, the defaulting land contract vendee should not be able to abrogate these rights by virtue of his default. To hold to the contrary would deprive the land contract vendor of the right to receive the benefit of the bargain he achieved in his negotiations with the land contract vendee. It would also cause the vendor to lose whatever equity he or she had in the property. A number of other

states have reached the same conclusion. *See McBride v. Hammers,* 418 N.W.2d 60, 64 (Iowa 1988); *Graham Investment Co. v. Grouse,* 369 N.W.2d 342, 344 (Minn. Ct. App. 1985); *Smith v. King,* 722 P.2d 796, 799 (Wash. 1986). We know of no authority in other states holding to the contrary.

While it is true that the land contract vendor could have redeemed the mortgaged property, preserving its availability in satisfaction of the land contract, he declined to do so. Were we to require the vendor to protect title to the property in order to pursue a money judgment claim against the vendee, we would be essentially requiring the land contract vendor to remedy the vendee's default. It is unfair to place financial responsibility upon the land contract vendor who was innocent of any wrongdoing and who is fully prepared and able to discharge his obligations under the land contract except for the land contract vendee's breach of its terms.

█

The Loeschers also argue that the inability to convey good title in exchange for the amount due on the land contract serves as an election of remedies by a land contract vendor. While conceding that a claim for a money judgment is one of the alternatives available to the land contract vendor, the Loeschers argue that when Paulson and the Lisowys permitted foreclosure by the bank, they elected to pursue remedies other than a money judgment. We conclude that the vendor's failure to protect title to the property did not act as an election of remedies. While the Loeschers correctly point out that both Paulson and the Lisowys were personally obligated to make the payments, it is equally true that by the terms of the land contract, the land contract vendee agreed to undertake that obligation. It is the Loeschers' failure to make the payment that resulted in foreclosure

and divested the vendor of title to the property underlying the land contract. It is unfair to force an innocent vendor to remedy the vendee's default.

Next, the Loeschers argue that the land contract vendors are obtaining a double recovery if they are allowed to recover damages without delivering the deed in satisfaction of the land contract. The obvious answer to such a contention is that the land contract vendor is not retaining title to the property, but has been divested of the property by virtue of the vendee's default. Furthermore, a failure to permit a claim for money damages will eliminate the vendor's right to be made whole for the breach of the terms of the land contract.[2]

The Loeschers also argue that the Lisowys accepted the return of the restaurant, which they resumed operating, in full satisfaction of all obligations due under the land contract and are thereby precluded from making any claim of damages against the Loeschers. The application of the accord and satisfaction doctrine depends on the particular facts of each case. Because the trial court made no findings due to its conclusion that neither Paulson nor the Lisowys could recover money damages pursuant to a land contract where the underlying property had been foreclosed, a remand to the trial court is mandated.

---

[2] The issue of how money damages should be calculated has not been raised by the parties and, therefore, is not addressed in this opinion. However, this opinion is not to be construed to allow the vendor to recover the full land contract price without considering the release of the mortgage obligation to the bank. Without deciding this issue, such damages may be in excess of the appropriate measure of damages permitted under a contract claim.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.